Joe H. STEELMAN and James A. Steelman, Plaintiffs,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY of Baltimore, Maryland, and the Home Insurance Company of New York, Defendants.

Civ. A. No. 1842.

United States District Court
W. D. Missouri,
Southwestern Division.

April 24, 1964.

Joseph N. Brown, Springfield, Mo., Moore, Pettit & Steinle, Aurora, Mo., for plaintiffs.

Farrington & Curtis, by E. C. Curtis, Springfield, Mo., for defendants.

BECKER, District Judge.

*Motion to Strike and to Suppress*

Plaintiff has propounded interrogatories "to be answered under oath by E. C. Curtis, attorney for defendants." Defendants have moved to strike and suppress the interrogatories on the ground that they are not addressed to an adverse party. Defendants' position is correct and the motion will be sustained. Hick-

man v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91. L.Ed. 451, l. c. 458. However, it is noted that interrogatories properly addressed to the defendants will require answers containing all information possessed by, or in the knowledge of the answering parties, the answering parties' counsel, investigators employed by or on behalf of the parties, the parties' insurers, any other agents or representatives of the parties. Wycoff v. Nichols (W.D.Mo.) 32 F.R.D. 370 at page 372 and authorities therein cited.

### Plaintiffs' Motion for Production of Documents

Plaintiffs have filed a motion for production, inspection and copying of

1) "A statement given by plaintiff James A. Steelman to an agent and employee of defendant United States Fidelity and Guaranty Company prior to his being represented by counsel and on or near the 1st day of February, 1963, at Aurora, Missouri;"

2) "A statement taken by agreement of counsel under oath and transcribed by a public stenographer in the office of plaintiffs' counsel June 14, 1963."

Both of these documents are alleged to be in the possession, custody or control of defendant United States Fidelity and Guaranty Company or its counsel.

Plaintiffs' motion is neither verified nor supported by affidavits. It is however accompanied by suggestions.

Said defendant has filed suggestions in opposition to this motion based solely upon plaintiffs' failure to show good cause.

Until Rule 34 is amended to eliminate the requirement of a showing of good cause (as was recommended by the advisory committee in 1954; see note to Missouri Civil Rule 58, V.A.M.R.),. that requirement must be met. Also in some cases, if not all, good form requires verification of the motion or supporting affidavits showing factual support for the claim of "good cause." 2A Barron and Holtzoff, Federal Practice and Procedure § 796, pp. 426–28, n. 70; 4 Moore, Federal Practice ¶ 34.07, p. 2442, n. 6.

In this case the showing of good cause must rest upon the unverified assertion of materiality and relevancy, the issues made by the pleadings and the nature of the information sought.

The decisions permit, in the Court's discretion, discovery on unverified motions where relevance appears from the pleadings, if good cause appears from the record. Butler v. United States (W.D.Mo.) 226 F.Supp. 341, l. c. 342; Taylor v. Atchison, Topeka and Santa Fe Railway Company (W.D.Mo.) 33 F.R.D. 283, l. c. 286; Rekeweg v. Federal Mutual Ins. Co. (N.D.Ind.) 27 F.R.D. 431.

And in cases where a party is seeking production of his own statement which has been taken by the opposing party or his representatives or agents the Court should be liberal in searching the record for "good cause." As stated in 4 Moore, Federal Practice § 34.08, pp. 2454–55:

"Even less of a showing of good cause should be required where a party is seeking discovery of his own statement, given to the adverse party or his agent. In Safeway Stores, Inc. v. Reynolds [176 F.2d 476] the Court of Appeals for the District of Columbia Circuit could not find good cause for production of plaintiff's own statement made of a representative of defendant where it was alleged only that the statement was made before the parties were represented by counsel, that it contained evidence material and relevant to the action, and that counsel wanted to inspect it to ascertain whether the plaintiff had made any material change in his statement. This decision, however, is too narrow."

The Court is of the opinion that the material sought to be produced in this

cause is both relevant and material and that good cause for the production thereof appears from the record.

It is therefore

Ordered that defendants' motion to strike and suppress be, and it is hereby, granted. It is further

Ordered that plaintiffs' motion for production of documents be, and it is hereby, granted and that the defendant United States Fidelity and Guaranty Company produce for inspection and copying the documents sought to be produced (or furnish a clear photocopy thereof) at the office of said defendant's resident counsel of record at a time mutually convenient to counsel for the respective parties and within 15 days from the entry of this order.