ESTATE OF RUSSELL G. WOODARD, DECEASED, ANNABELLE M. WOODARD, CHARLES B. CUMINGS AND GENESEE MERCHANTS BANK & TRUST CO., CO-EXECUTORS, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT*

Docket Nos. 672-74, 673-74.     Filed June 23, 1975.

*L. Keith Borgerson* and *David R. Johnston,* for the petitioners.
*Peter M. Ritteman* and *Virginia M. Tomasulo,* for the respondent.

---

[1] The case of the following petitioner is consolidated herewith: Estate of Joseph H. Woodard, Deceased, Virginia P. Woodard and Owosso Savings Bank, Co-Executors.

* Supplemental Opinion at 999.

OPINION

GOFFE, *Judge:* On May 9, 1975, petitioners filed a "Motion to Obtain Protective Order" under Rule 103, Tax Court Rules of Practice and Procedure, and on May 22, 1975, they filed a supplement to that motion. Respondent objected to the granting of petitioners' motion and we held a hearing on the motion on June 2, 1975.

The motion is an outgrowth of petitioners' production of documents pursuant to a request by respondent. On July 17, 1974, respondent served on petitioners a request for production of documents to which petitioners responded with written objections in which they contended that the documents requested were immaterial and irrelevant. Respondent, on August 28, 1974, filed a motion to obtain a ruling on petitioners' objections to respondent's request for production of documents which was granted without a hearing. The cases were continued from a trial session to provide the parties additional time to prepare a stipulation of facts.

In the stipulation process, respondent has requested petitioners to stipulate matters relating to the operations and control over trusts from 1952 to 1971. Petitioners recognize that ruling on the admissibility of evidence is normally made during the course of a trial; however, they argue that an undue burden will be placed upon them if they are forced to stipulate to such matters and the matters are clearly not relevant or material to the issues before the Court in these cases.

In each of the cases, the Commissioner, in his statutory notices of deficiency, included in the estate of the decedent the assets of trusts created by brothers of the decedent for the benefit of such decedent's children. In the Estate of Russell Woodard, two trusts were created by Lyman E. Woodard and in the Estate of Joseph H. Woodard one trust was created by Russell G. Woodard. In respondent's request for production of documents, he asks for inventories of assets in trusts created by Joseph H. Woodard, Russell G. Woodard, and Lyman E. Woodard, and he alleges in his motion that the documents will provide insights into whether the transfers in trust actually took place and will disclose information regarding the management and operation of the assets of the trusts. In their request for a protective order, petitioners contend that such matters are irrelevant and

immaterial because the Supreme Court has laid down the tests to be applied in reciprocal trust cases and the operations of the trusts are not material. *United States v. Estate of Grace*, 395 U.S. 316 (1969). Respondent argues that such facts are necessary but admits that if the facts so developed indicate that the trusts created by each of the decedents should be included in the grantor's estate (rather than the estate of a decedent not the grantor) that he would seek to amend his pleadings to so contend.

The only issues before the Court involve reciprocal trusts. In his statutory notices of deficiency, the Commissioner did not adjust the gross estates of the decedents by reason of trusts created by such decedents. The Supreme Court in *Grace* established the tests to be applied in deciding reciprocal trust cases. It held that the trusts must be interrelated and the arrangement of reciprocal trusts, to the extent of mutual value, must leave the settlors in approximately the same economic position as they would have been had they created trusts naming themselves as life beneficiaries. The Court examined the terms of the trusts to see whether they were similar and the time of creation of the trusts. Respondent has brought no reciprocal trust case to our attention which considers the operations of the trust. Respondent's desire to obtain facts as to whether the transfers in trust actually took place is inconsistent with the determination in his statutory notice of deficiency that reciprocal trusts were created and the assets of those trusts are includable in the estates of individuals who were not the grantors.

We conclude that respondent attempts to use discovery for a "fishing expedition." Discovery in the Tax Court is new and, although many of our Rules were adopted from the Federal Rules of Civil Procedure, discovery is not as broad in the Tax Court as it is in the Federal District Courts. For example, discovery depositions are not available in the Tax Court. Rule 70(a), Tax Court Rules of Practice and Procedure. We denied discovery prior to joinder of issue. *Charles B. Kabbaby*, 64 T.C. 393 (1975).

Petitioner seeks a protective order under Rule 103. That Rule was derived from rule 26(c) of the Federal Rules of Civil Procedure. The statutory notice of deficiency and the pleadings frame the issue presented to the Court and the respondent should not be permitted to use discovery to raise new issues or formulate additional adjustments to petitioner's tax returns. The purpose of discovery in the Tax Court is to ascertain facts which have a

bearing on the issues before the Court. Because respondent is attempting to develop facts in the stipulation process which are not relevant and which place an undue burden on petitioners, a protective order is appropriate in this case.

*An appropriate order will be entered.*