ESTATE OF RUSSELL G. WOODARD, DECEASED, ANNABELLE M. WOODARD, CHARLES B. CUMINGS AND GENESEE MERCHANTS BANK & TRUST CO., CO-EXECUTORS, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 672-74, 673-74.     Filed August 28, 1975.

*L. Keith Borgerson* and *David R. Johnston,* for the petitioners.
*Peter M. Ritteman* and *Virginia M. Tomasulo,* for the respondent.

### SUPPLEMENTAL OPINION

GOFFE, *Judge:* On June 23, 1975, we filed our opinion in *Estate of Russell G. Woodard,* 64 T.C. 457 (1975), in which we held that petitioners were entitled to a protective order to relieve them of unnecessary burden and expense in stipulating to matters we found not to be material or relevant to the issues before the Court. Our opinion was based upon petitioners' "Motion to Obtain Protective Order" filed on May 9, 1975; upon their supplement to that motion filed May 22, 1975; and upon a hearing on the said motion held in Detroit, Mich., on June 2, 1975.

---

[1] The case of the following petitioner is consolidated herewith: Estate of Joseph H. Woodard, Deceased, Virginia P. Woodard and Owosso Savings Bank, Co-Executors.

On July 17, 1975, respondent filed a "Motion for Reconsideration and Revision of Opinion" which was served on petitioners and on August 15, 1975, petitioners filed a "Reply to Respondent's Motion for Reconsideration and Revision of Opinion," in which petitioners request an oral argument in Detroit, Mich., or at a location closest to Detroit, Mich., "as can be arranged within the time requirements relating to the appropriate progress of these cases." After our opinion was filed the cases were restored to the general docket and have been set for trial before Judge Tannenwald in Detroit, Mich., on the trial session commencing October 6, 1975. The "progress of these cases" has been slow. At this point we feel not unlike Judge Hutcheson must have felt as he began his opinion in *Dolores Crabb v. Commissioner*, 136 F. 2d 501 (5th Cir. 1943), "Unconvinced and undismayed by three defeats, first in the Board of Tax Appeals, next in this Court, and again in the Tax Court on remand for the taking of further evidence, petitioners are here again." By the foregoing, we do not suggest that petitioners alone have been at fault. If respondent had enlightened the Court on his position at the hearing in Detroit on June 2, 1975, as completely as he has done in his motion for reconsideration, we would have denied petitioners' motion for a protective order.

We now understand respondent's position to be that the "cross trusts" are includable in the estates because of the identical trust powers created by the three Woodard brothers for each other. *United States v. Estate of Grace*, 395 U.S. 316 (1969), involved "crossed income" interest, not "crossed powers." We have been cited no cases by any party involving taxability of reciprocal trusts based upon "crossed powers." The issue is, therefore, possibly one of first impression. The issue is also within the scope of the language in the statutory notices of deficiency.

We have again carefully reviewed all of the official record in this case, including petitioners' reply to respondent's motion for reconsideration and conclude now that the matters which respondent requests petitioners to stipulate are material and relevant to the issue to be presented and the protective order was granted in error.

In view of all of the foregoing, we see no reason for a hearing on respondent's motion for reconsideration. Respondent's motion for reconsideration will be granted, petitioners' objections will be

overruled, and petitioners' motion for a hearing will be denied. The protective order will be vacated. The cases will be struck from the October 6, 1975, trial session in Detroit and will be set for trial before me in due course when the parties have completed the stipulation of facts and are ready for trial.

In revising our original opinion as indicated, we do not intend to infer that its rationale was in any way erroneous. We continue to hold that the discovery procedures in the Tax Court are to be used to ascertain facts having a bearing upon the issues before the Court and are not to be used to raise new issues or to formulate additional adjustments to a tax return.

*An appropriate order will be entered.*

