543 P.2d 800

**STATE of Arizona ex rel. Bruce E. BABBITT, the Attorney General, Petitioner,**

v.

**The Honorable T. J. MAHONEY, Judge of the Superior Court, in and for Pinal County, Arizona, Respondent,**

**C. C. CULWELL, III, and Jane Doe Culwell, his wife, dba Sonnie's Picacho Peak Shell, and David Ramirez and Jane Doe Ramirez, his wife, Real Parties in Interest.**

**No. 2 CA–CIV 2006.**

Court of Appeals of Arizona, Division 2.

Dec. 15, 1975.

---

Bruce E. Babbitt, Atty. Gen., by Anthony B. Ching and Michael C. Anderson, Asst. Attys. Gen., Phoenix, for petitioner.

J. Lavell Harper, Casa Grande, for real party in interest Culwell.

## OPINION

HATHAWAY, Judge.

The subject of this special action is an order of the respondent court granting a motion of the real parties in interest for an order compelling discovery. Petitioner claims; and correctly so, that the order requiring a non-party to answer interrogatories was erroneous.

Petitioner is the plaintiff in a pending consumer fraud action against the real parties in interest (hereinafter referred to as defendants). Verification of the state's complaint was made by Stanley Rosenberg, an investigator, as is proper under Rule 11(b), Rules of Civil Procedure, 16 A.R.S., since Mr. Rosenberg was "a person acquainted with the facts." The interrogatories, addressed to "Stanley Rosenberg and his Attorney, Michael C. Anderson," were sent to Mr. Anderson who thereupon filed "Qualified Answers to Interrogatories." Incorporated in these answers was the following prefatory statement:

"Defendants have erronously [sic] directed Interrogatories to Mr. Stanley Rosenberg. Under Rule 33, Arizona Rules of Civil Procedure, Interrogatories can only be addressed to a party. Even though the Interrogations were addressed to a non-party, Plaintiff nonetheless believes the Defendants are entitled to the information sought, and therefore in order to forestall delay and to show good faith, Plaintiff is answering the Interrogatories as if they had been properly addressed to the State of Arizona, the actual party in this action. These answers are therefore qualified to reflect that they are from the State of Arizona, rather than Mr. Stanley Rosenberg. However, by so answering these Interrogatories, Plaintiff does not waive any defenses it has as to these Interrogatories."

These answers were served upon the defendants' attorney who thereupon filed a motion for an order compelling discovery alleging that the interrogatories were directed specifically to Stanley Rosenberg who had not filed an answer and that Mr. Anderson who answered the interrogato-

ries had refused to answer No. 6.[1]  After a hearing on the motion for an order compelling discovery, the respondent court granted the motion.

Rule 33, Rules of Civil Procedure, deals with "Interrogatories to parties."  Subsection (a) of the rule provides in pertinent part:

> "Any party may serve upon any other party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. . . ."

Thus we see that Rule 33 applies only to interrogatories to *parties*.  Since the plaintiff is the State of Arizona, only the State of Arizona could be served with interrogatories under Rule 33.  Stanley Rosenberg, a non-party, cannot be required to answer interrogatories.  It is true that the interrogatories may be answered by any officer or agent of the state, but they may be directed only to the state which is the adverse party.  See *Stellman v. United States Fidelity and Guaranty Company*, 35 F.R.D. 120 (W.D.Mo.1964).  The fact that the interrogatories may be answered by an officer or agent does not mean that the party serving the interrogatories may select the particular officer or agent of the adverse party and direct the interrogatories to such officer or agent.  *Holland v. Minneapolis-Honeywell Regulator Co.*, 28 F.R. D. 595 (D.D.C.1961).  We hold, therefore, that since the state would be bound by the answers to the interrogatories, selection of the officer or agent to respond to the interrogatories is not within the province of the defendants.  The respondent court therefore erred in directing Stanley Rosenberg to answer the interrogatories.

For the foregoing reasons, the order of the respondent court is vacated.

HOWARD, C. J., and KRUCKER, J., concur.

1. The answers indicated that an answer to this interrogatory would be forthcoming if and when plaintiff's motion to file an amended complaint would be granted.