*Decision will be entered under Rule 155.*

SAUL ZAENTZ AND CELIA ZAENTZ, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5609–74, 6078–75, 5411–76, 5370–77.    Filed December 17, 1979.

*Randall G. Dick*, for the petitioners.
*Lawrence G. Becker*, for the respondent.

## OPINION

SIMPSON, *Judge:* Under Rule 104(b), Tax Court Rules of Practice and Procedure,[1] petitioner Saul Zaentz and the Commissioner filed motions to compel discovery.[2] The discovery requests at issue are: 153 paragraphs of interrogatories, and 22 paragraphs requesting the production of documents, submitted by the Commissioner; and 16 paragraphs, including interrogatories and requests for production of documents, submitted by the petitioner. These requests raise several questions which we shall deal with in order.

### The Commissioner's Requests

For the years at issue, Mr. Zaentz was a member of a partnership known as Fantasy/Galaxy Record Co. (FGRC). In his notices of deficiency, the Commissioner disallowed in part the royalties paid by FGRC to two foreign corporations, Gesternte, N.V. (Gesternte), and Basalt Finance Co., N.V. (Basalt), for the use of recording rights which had been secured through licenses from such foreign corporations. As grounds for

---

[1] All references to a Rule are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2] Celia Zaentz, the other petitioner in this case, did not join in Saul Zaentz's motion, and she has taken no position with respect to such motion.

such action, the Commissioner determined that FGRC owned or controlled Gesternte and Basalt and declared:

(1) it is held that these amounts do not represent ordinary and necessary business expense; (2) your income and the income of the related entities would not be clearly reflected if these amounts were to be allowed, therefore the adjustment is made in accordance with the provisions of section 482 of the Internal Revenue Code; and (3) you have failed to establish that the transactions giving rise to the increased royalties should be recognized for tax purposes. [Def. not. in dkt. No. 5370–77.]

In his motions to compel, the Commissioner alleges that the recording rights were once owned by a corporation known as Fantasy/Galaxy, Inc. (FGI), that the stock and assets of such corporation were transferred to a Bahamian partnership, Argosy Venture, that such partnership licensed Gesternte to use such rights, and that the partners of FGRC were the owners of FGI or were related to such owners. Accordingly, many of the Commissioner's interrogatories and requests for documents are designed to ascertain how FGI acquired the recording rights and to trace their transfer to Gesternte. The Commissioner has adopted a similar position with respect to the recording rights obtained from Basalt, and his interrogatories and requests for documents also attempt to acquire additional information concerning the prior ownership of those rights.

The petitioner contends that the information and documents concerning the transactions which occurred before the years at issue and the information and documents concerning transactions between persons who are not parties to this case are not relevant. He claims that the Commissioner is engaged in a fishing expedition, that the Commissioner is attempting to discover information from persons who are not parties in violation of the Rules of this Court, and that the Commissioner is attempting to discover information for the purpose of raising a new issue contrary to the holding of this Court in *Estate of Woodard v. Commissioner*, 64 T.C. 457 (1975), supplemental opinion 64 T.C. 999 (1975).

For purposes of discovery, the standard of relevancy is liberal. Rule 70(b) permits discovery of information relevant not only to the issues of the pending case, but to the entire "subject matter" of the case. We have previously ruled that material which would aid the discovering party in understanding relevant material, or which would lead to admissible evidence, is within the scope of

Rule 70(b). *P. T. & L. Construction Co. v. Commissioner,* 63 T.C. 404, 413–414 (1974).

The Commissioner has raised the issue of whether the royalty payments are ordinary and necessary business expenses within the meaning of section 162(a) of the Internal Revenue Code of 1954,[3] whether an allocation is authorized under section 482, and whether the transactions are bona fide. The Commissioner alleges that FGRC acquired the recording rights as a result of an elaborate and complex plan arranged by the members of the partnership. We are satisfied that in order to judge whether there was a business necessity for the payments, whether control within the meaning of section 482 existed, and whether the transactions were bona fide, the Commissioner is entitled to look into all the circumstances leading to the licenses at issue. *Hickman v. Taylor,* 329 U.S. 495, 507–508 (1947) (with the adoption of discovery in the Federal courts, "No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case"). The discovery so authorized is broad and extensive, but if FGRC acquired the recording rights as a result of an elaborate plan constructed by Mr. Zaentz and the other members of the partnership, then they have no basis for complaining about the inquiry into the steps which were a part of that plan.

Nor is there any merit in Mr. Zaentz's other relevancy objections. The Commissioner is not seeking discovery from persons who are not parties to this case. He does seek information about nonparties, but if that information is relevant, the mere fact that it pertains to nonparties is no reason for a party to refuse to divulge it. Similarly, Mr. Zaentz's reliance upon our decision in *Estate of Woodard v. Commissioner, supra,* is misplaced. In that case, we held that discovery could not be used to obtain information which was not relevant. Here, we are merely holding that the Commissioner can use discovery to obtain relevant information; the allegation that the information may be used to raise new issues is no grounds for refusing to produce it.

Mr. Zaentz failed to answer some interrogatories and requests for documents on the ground that he lacked sufficient knowl-

---

[3]All statutory references are to the Internal Revenue Code of 1954.

edge to respond. For example, interrogatory number 45 asks "From its inception through 1975 and for all periods therein, what individuals, corporations, partnerships or trusts, directly or indirectly, owned the stock of Gesternte N.V.?" Mr. Zaentz's answer was that he lacked sufficient information to respond, except to state that neither he nor any of the other partners of FGRC owned any of such stock, directly or indirectly. The Commissioner contends that such answer is inadequate because Mr. Zaentz did not include information which could have been secured from Burton W. Kanter, a member of the law firm representing him in this matter. The Commissioner contends that Mr. Zaentz had a duty to inquire of Mr. Kanter before responding.

Rule 71, relating to interrogatories, provides in part:

(b) Answers: * * * the answering party is required to make reasonable inquiry and ascertain readily obtainable information. An answering party may not give lack of information or knowledge as an answer or as a reason for failure to answer, unless he states that he has made reasonable inquiry and that information known or readily obtainable by him is insufficient to enable him to answer the substance of the interrogatory. [60 T.C. 1057, 1100 (1973).]

Rule 72, relating to the production of documents, provides in part:

(a) Scope: Any party may, without leave of Court, serve on any other party a request to:

(1) Produce and permit the party making the request * * * to inspect and copy, any designated documents * * * to the extent that any of the foregoing items are in the possession, custody or control of the party on whom the request is served; * * * [60 T.C. at 1101.]

These Rules are derived from rules 33 and 34 of the Federal Rules of Civil Procedure (F.R.C.P.), which contain similar provisions. With respect to rule 33, F.R.C.P., relating to interrogatories, it has been concluded that "A party is charged with knowledge of what his agents know, or what is in records available to him." 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil, sec. 2177, p. 561 (1970); see also *Lunn v. United Aircraft Corp.*, 25 F.R.D. 186 (D. Del. 1960); *Steelman v. U.S. Fidelity & Guaranty Co.*, 35 F.R.D. 120 (W.D. Mo. 1964). In *Steelman*, the court said:

it is noted that interrogatories properly addressed to the defendants will require answers containing all information possessed by, or in the knowledge of the answering parties, the answering parties' counsel, investigators

employed by or on behalf of the parties, the parties' insurers, any other agents or representatives of the parties. * * * [35 F.R.D. at 121.]

Likewise, rule 34, F.R.C.P., relating to the production of documents, has been construed to mean that "Inspection [of a document] can be had if the party to whom the request is made has the legal right to obtain the document, even though in fact he has no copy." 8 C. Wright & A. Miller, *supra* sec. 2210 at 621. Specifically, it has been held that documents in the possession of a party's attorney, accountant, or other agent are in that party's possession, custody, or control. See *In Re Ruppert*, 309 F.2d 97 (6th Cir. 1962). Thus, rules 33 and 34, F.R.C.P., have been construed broadly and have been held to impose upon the responding party a duty to make reasonable inquiry of his agents before responding. Inasmuch as Tax Court Rules 71 and 72 are based on those provisions of the F.R.C.P., those interpretations are equally applicable in applying the Tax Court Rules.

Clearly, in responding to the Commissioner's interrogatories and requests for documents, Mr. Zaentz has a duty to inquire of those persons who served as his attorney in arranging any of the transactions with respect to which the interrogatories or requests seek information. Moreover, if other members of the law firm assisted his attorney or otherwise participated with his attorney in arranging any of such transactions, Mr. Zaentz has a duty to reveal information and documents which can be secured by inquiry of any other such attorney. A similar application of the Rules is to be made with respect to information or documents possessed by Mr. Zaentz's accountant or other members of the accounting firm of which his accountant is a member or employee.

Mr. Zaentz recognizes that he has a duty to inquire of other members of FGRC in responding to the interrogatories and requests for documents and to reveal any information or documents which can be acquired by him as a result of such inquiry. Yet, some of the partners are trusts or estates, and there is a question as to the scope of the duty of the trustees or other fiduciaries to reveal information and documents. If, as fiduciaries, they participated in the transactions with respect to which the requests seek information or documents, the fiduciaries are required to reveal any information or documents acquired as a result of such participation.

Another objection by Mr. Zaentz is that some of the requests

call for information or documents in violation of the attorney-client privilege. For example, paragraph 22 of the request for production of documents states in part:

Please provide any and all documents, which relate in any way to the projected effect on your Federal income tax liability of the sale of the stock of Fantasy/Galaxy, Inc., to Argosy Venture, the liquidation of that corporation by Argosy Venture and/or the licensing of a portion of Argosy Venture's rights in Creedance Clearwater Revival to Gesternte N.V. and Fantasy/Galaxy Record Company, including but not limited to, planning memoranda, letters and financial projections, which originated with the law firm now known as Levenfeld and Kanter, or any member or associate thereof * * *

Despite the claim by Mr. Zaentz, he has furnished no specific information as to how such privilege would be violated by a response.

The attorney-client privilege exists to protect only confidential communications from client to attorney. *Brittingham v. Commissioner*, 57 T.C. 91 (1971); C. McCormick, Evidence, sec. 91, pp. 187–191 (2d ed. 1972). Such privilege protects confidences given to attorneys acting in that capacity only. *Smith v. Commissioner*, 31 T.C. 1, 8 (1958); C. McCormick, *supra* sec. 88 at 179–182. The limitations on the privilege were recognized by Judge Lumbard when he said:

Attorneys frequently give to their clients business or other advice which, at least insofar as it can be separated from their essentially professional legal services, gives rise to no privilege whatever. * * *

* * * * * * *

Clearly Colton's [the attorney] blanket refusal on the grounds of the attorney-client privilege to produce anything was unjustified. As we have noted, the attorney-client privilege protects only those papers prepared by the client for the purpose of confidential communication to the attorney or by the attorney to record confidential communications * * * [*Colton v. United States*, 306 F.2d 633, 638, 639 (2d Cir. 1962).]

The person who claims the privilege has the burden of showing that the privilege is applicable. *Bouschor v. United States*, 316 F.2d 451, 456 (8th Cir. 1963). Here, Mr. Zaentz has merely made a blanket claim of the privilege, without any allegations that the production of the documents would reveal, directly or indirectly, any confidential communications by him to his attorney or without any allegations that particular documents were related to the securing of legal advice as distinguished from business advice. Nor has he sought to establish that any of the requested information or documents are protected by the privilege by

offering to produce them for an in camera inspection by the Court. For these reasons, we conclude that he has failed to establish a basis for refusing to respond to the interrogatories or requests for documents, and he will be directed to produce all the information and documents requested by the Commissioner. However, if he has genuine reason for believing that any of such information or documents reveal, directly or indirectly, confidential communications from the client to the attorney made in regard to securing legal advice, he may submit such information or documents to the Court for an in camera inspection to determine whether they are privileged.

Mr. Zaentz objects to interrogatories numbers 106 through 110 as "vague and unanswerable." Those interrogatories seek information about a "corporate owner" of the stock in a Bahamian bank, such as its place of incorporation, its officers, etc. Apparently, Mr. Zaentz considered these interrogatories to be vague because he did not know what was meant by the term "corporate owner." However, interrogatory number 104 unambiguously provides the answer: "If any of the shares of Castle were at any time owned by another corporation *(hereinafter referred to as corporate owner)*" (emphasis added).

Finally, Mr. Zaentz objects to certain interrogatories and requests for documents on the ground that such information or documents have already been provided the Commissioner in connection with another case involving FGI. However, that other case has been closed, and there is no information as to what records in that file may still be available. Accordingly, we reject this objection by Mr. Zaentz.

### The Petitioner's Requests

In his requests for information and production of documents, Mr. Zaentz sets forth several statements and asks the Commissioner if they are his contentions in this case; he also requests the Commissioner to set forth all facts, documents, reports, cases, regulations, and statutes, on which he relies in support of such contentions; and he asks the Commissioner to define the term "control" as he is using it for purposes of this case. The Commissioner responded affirmatively to some of the statements of his contention, but he claimed that other statements were too vague to answer. He objects to producing all his evidence prior to the trial, and he contends that he is not

obligated to set forth all the legal authorities upon which he relies.

In paragraph number one, Mr. Zaentz asks whether the Commissioner contends that the ownership and operation of Fantasy/Galaxy Record Co., Inc., has any relevance to the issues in this case. The Commissioner responded that he has no knowledge of any corporation by that name. In fact, there is no corporation by that name involved in this case. However, in his motion to compel, Mr. Zaentz acknowledged that he made a mistake and that he intended to refer to Fantasy/Galaxy, Inc. With that modification, the Commissioner should respond to the interrogatory.

Paragraphs numbers 10 and 13 of Mr. Zaentz's requests also relate to the Commissioner's contentions. Paragraph 10 provides: "Do you contend that income would not be clearly reflected under the provisions of section 482 of the Internal Revenue Code between Fantasy/Galaxy Record Company and Gesternte, N.V.?" Paragraph 13 states: "Do you contend that the transaction giving rise to the royalty payments is not 'bona fide' for tax purposes?" The Commissioner responded that these interrogatories were not stated with sufficient specificity for him to respond. The interrogatories are similar to statements contained in the notices of deficiency, but the interrogatories omit material words from the statements in the notices. Interrogatory number 10 omits the words "if these amounts were to be allowed," and interrogatory number 13 omits the word "increased" before the word "royalties." In view of these omissions, the Commissioner was justified in not responding to the interrogatories. We see no purpose to be served in having him respond with these words included, because in that event, the interrogatories would merely restate the provisions of the notice.

Under the Tax Court Rules relating to discovery, there is no specific obligation on a party to set forth the legal authorities on which he relies. Rule 70(b) provides that requested information or documents are not objectionable merely because they involve "an opinion or contention that relates to fact or to the application of law to fact." In *Estate of Allensworth v. Commissioner*, 66 T.C. 33, 38 (1976), we held that the contentions of a party may be the subject of requested admissions and said:

These requests do not call for the expression of abstract principles of law,

which may not be the subject of requested admissions, but seek to learn what were the legal theories on which the Commissioner relied in determining the deficiency in the case. * * *

The same principles are applicable in determining the scope of discovery under Rules 71 and 72. The notice of deficiency serves to establish the issues which the petitioner must face in the case, and *Allensworth* makes clear that admissions and requests for discovery may be used by a petitioner to seek clarification of the Commissioner's position or contentions. However, there was no intention to require the Commissioner to set forth a statement of the cases, regulations, or statutes, on which he relies.

Discovery is to assist the parties in preparing for trial. To that end, if one party possesses information or documents which may be relevant to the issues in the case, or which may lead to relevant evidence, such information or documents are to be available to the other party. *Hickman v. Taylor*, 329 U.S. at 501 (with modern discovery rules, "civil trials in the federal courts no longer need be carried on in the dark"); see also *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682–683 (1958). Similarly, to prepare properly for a trial, it is necessary for each party to know the position of the other party, and discovery may be used to clarify that position. *Estate of Allensworth v. Commissioner, supra.* To have a clear view of the issues in the case, a party must inquire into the applicable statutes, regulations, and legal precedents, but in our view, discovery should not be used to shift that burden to the other party. It is true that Rule 70 provides that discovery may apply to an application of law to fact, but we believe that such provision was not intended to make discoverable a mere statement of a party's legal authorities. Moreover, under the Tax Court Rules, the work product of counsel is not discoverable. *P. T. & L. Construction Co. v. Commissioner,* 63 T.C. at 407–408. The statement of the legal authorities on which the Commissioner relies appears to come within the category of work product. *Hickman v. Taylor, supra.* For these reasons, we conclude that the Commissioner is not required to furnish Mr. Zaentz with a statement of the cases, regulations, or statutes, on which he relies, nor is he required to furnish Mr. Zaentz with the definition of the term "control."

As to Mr. Zaentz's requests for a statement of facts, documents, and reports, on which the Commissioner relies, the Commissioner must disclose existing documents and reports,

containing the facts discovered by his agents, except to the extent they are privileged. *P. T. & L. Construction Co. v. Commissioner, supra.* In that case, we held that a petitioner is entitled to know what facts the agents of the Commissioner have discovered and set forth in their reports in the event that they have come upon any facts not known to the petitioner. However, the Commissioner is not required to prepare a statement of *every fact known to him;* such a request for discovery is too broad. 8 C. Wright & A. Miller, *supra* sec. 2174 at 548; *Stovall v. Gulf & So. Am. S.S. Co.,* 30 F.R.D. 152 (S.D. Tex. 1961). Moreover, there is merit to the Commissioner's objection that he should not be required to reveal the facts he knows before Mr. Zaentz has responded to his requests for discovery. *Industrial Electric Sales & Service, Inc. v. Commissioner,* 65 T.C. 844, 846 (1976). Accordingly, we will order that Mr. Zaentz first respond to the Commissioner's discovery requests, and thereafter, the Commissioner will be required to make available to Mr. Zaentz all documents and reports which he possesses relating to this case, except to the extent that any of such documents or reports contain expressions of opinions, judgments, or impressions, or are otherwise protected by executive privilege.

*An appropriate order will be issued.*