DARRYL CRAIG BROWN, A.K.A. JOHN D. RODEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 13817-92
United States Tax Court
T.C. Memo 1994-282; 1994 Tax Ct. Memo LEXIS 281; 67 T.C.M. (CCH) 3113; June 20, 1994, Filed *281 For petitioner: Marc K. Sellers. For respondent: Nancy B. Romano. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This matter is before the Court on petitioner's Motion to Compel Discovery. We are asked to decide whether certain portions of a special agent's report and a related memorandum are protected from discovery by virtue of the so-called executive or governmental privilege. Further, we are asked to determine whether a criminal reference letter concerning petitioner is protected from discovery pursuant to the work-product doctrine. Background
In March 1991, Revenue Agent Sam Twidale notified Darryl Craig Brown, a.k.a. John D. Roden (petitioner) that his 1988 and 1989 Federal income tax returns would be examined. In July 1991, petitioner's case was referred to respondent's Criminal Investigation Division. A search warrant was executed at petitioner's residence in November 1991. On March 19, 1992, respondent issued a notice of deficiency to petitioner determining deficiencies in, additions to, and a penalty with respect to his Federal income tax as follows: [1]
Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)(A)
Sec. 6653(b)(1)(B)
1987
$ 7,506
$ 5,621
50% of the inter-
est due on $ 7,506
1988
22,769
--
--
1989
69,998
--
--
*282 Additions to Tax
Penalty
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6661
Sec. 6663(a)
1987
$ 7,506
-- $ 1,874
--  1988
22,769
$ 17,077
5,692
--  1989
69,998
-- -- $ 52,499
Petitioner subsequently invoked the jurisdiction of this Court by filing a timely petition for redetermination. At the time of filing the petition herein, petitioner resided at Oakland, Oregon. After attempting to obtain information from respondent through information discovery, petitioner served respondent with interrogatories and a request for production of documents, including a request for any reports prepared by the special agent during the course of the criminal investigation. Respondent failed to respond to petitioner's interrogatories and declined to provide petitioner with a copy of the special agent's report, prompting petitioner to file the Motion to Compel *283 Discovery pending before the Court. A hearing on petitioner's motion was conducted in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument with respect to the motion. While petitioner did not appear at the hearing, he did file a statement with the Court pursuant to Rule 50(c). During the hearing, respondent produced three documents responsive to petitioner's request for production of documents. The documents in question are: (1) A report prepared by Special Agent Jerrold N. Pierce; (2) a memorandum dated October 25, 1993, from the District Director (Portland, Oregon) to District Counsel (Portland, Oregon); and (3) a criminal reference letter dated December 30, 1993, from Jan R. Pierce, Assistant District Counsel (Portland, Oregon) to Michael L. Paup, Acting Assistant Attorney General (Tax Division), U.S. Department of Justice. Respondent informed the Court that the special agent's report and the related memorandum were provided to petitioner in redacted form prior to the hearing. Additionally, respondent reported that answers to interrogatories were served on petitioner on April 14, 1994. [2]
*284 Respondent submitted all three documents to the Court for in camera inspection. Respondent maintains that the redacted portions of the special agent's report and the related memorandum are protected from discovery by virtue of the so-called executive or governmental privilege. [3] Respondent maintains that the criminal reference letter dated December 30, 1993, is protected from discovery in its entirety by virtue of the work-product doctrine. Discussion
Our Rules provide for discovery of information that is not privileged but relevant to the subject matter involved in the pending case. Rule 70(b). In this regard, a party may pursue discovery by serving the opposing party with interrogatories, Rule 71, and a request for production of documents and things, Rule 72 -- *285 the discovery methods employed by petitioner in the instant case. The party opposing discovery bears the burden of establishing that the information sought is privileged. Zaentz v. Commissioner, 73 T.C. 469, 475 (1979); Branerton Corp. v. Commissioner, 64 T.C. 191, 193 (1975); see also Hospital Corp. of Am. v. Commissioner, T.C. Memo. 1994-100. Consequently, respondent must show that petitioner's motion should be denied. [4]
*286 A. Executive or governmental privilege
The applicability and scope of the privilege extending to the communications of Government officials is discussed at length in P. T. & L. Constr. Co. v. Commissioner, 63 T.C. 404, 409 (1974), as follows: The [executive] privilege * * * is a qualified privilege developed in the case law which in some circumstances protects certain statements of governmental officials from disclosure. Committee for Nuclear Responsibility, Inc. v. Seaborg, 463 F.2d 788 (C.A.D.C. 1971); Boeing Airplane Co. v. Coggeshall, 280 F.2d 654, 660-662 (C.A.D.C. 1960); Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318 (D.D.C. 1966), affd. 384 F.2d 979 (C.A.D.C. 1967). The statements covered by this privilege are statements of advice, deliberation, and recommendation. Committee for Nuclear Responsibility, Inc. v. Seaborg, supra at 794. The privilege is based on the public policy of encouraging wise and efficient government by fostering an environment wherein officials *287 may comment on issues of governmental policy and decision-making in a candid manner, without fear that their comments will be subjected to scrutiny by the public at large. But this privilege is qualified in that it recognizes there are instances in which justice will require disclosure of such material. A balancing of interests is required; the gravity of the individual's need for disclosure must be weighed against the harm that disclosure may do to intragovernmental candor.
In P. T. & L. Constr. Co., we held that the portion of a special agent's report consisting of his recommendations and deliberations, and containing no new facts, was privileged and not within the scope of discovery. Id. at 412. To the same effect, see Barger v. Commissioner, 65 T.C. 925, 931 (1976). Consistent with the foregoing, our task is to first decide whether the material that respondent seeks to protect contains statements of advice, deliberation, or recommendation that merit protection from disclosure. If respondent prevails on this point, then we must determine whether petitioner's need for the information outweighs the potential harm associated with *288 disclosure. The special agent's report
The special agent's report is a 97-page document approximately half of which is textual material with the remainder consisting of exhibit lists and appendices. Given the extent of the material that respondent seeks to protect, we will analyze the report in sections. 1. Respondent seeks to protect the material appearing under the heading "RELATED CASES" on page 7 of the report. The material includes the special agent's recommendations concerning the direction of the investigation and related prosecutions. We view this material as privileged. 2. Respondent seeks to protect certain portions of the report appearing under the heading "EVIDENCE" and the subheading "THEORY OF THE CASE". The material, found on pages 15-16, 27, 28, 31-32, 34, and 36-40 of the report, is broken down into four sections -- each section provides, inter alia, a summary of the evidence gathered by the special agent. Respondent disclosed the vast majority of the first three sections titled "Evidence of False Names", "Evidence of the Filing of False Income Tax Returns", and "Evidence of Structuring Currency Transactions". However, respondent redacted the *289 final portion of section three and all of section four. Based upon our in camera inspection of the report, we find that the matters set forth on pages 15-16, 27, 28, 31-32, and 34 of the report relate to the special agent's recommendations and conclusions, and, thus, these materials are privileged. However, the materials appearing on pages 36-40 of the report are more troubling. Specifically, the fifth and sixth paragraphs appearing on page 36, the second paragraph appearing on page 37, the third and fifth [5] paragraphs appearing on page 38, and the fourth paragraph appearing on page 39 each set forth factual matters not mentioned elsewhere in the report. These factual matters are not privileged. 3. Respondent seeks to protect certain matters appearing on pages 42-44 of the report under the heading "ITEMS OF INTENT". This portion of the report sets forth the special *290 agent's deliberations regarding the evidence developed in his investigation. No new factual matters are mentioned in this part of the report. We agree with respondent that this portion of the report is privileged. 4. Respondent seeks to protect certain matters appearing on page 45 of the report under the heading "EXPLANATION AND DEFENSE OF THE PRINCIPALS". The portion of the report that respondent seeks to protect sets forth factual matters in rebuttal of petitioner's suggestion, made during the special agent's investigation, that he possessed a cash hoard during the years in question. While we recognize that such matters may be entitled to protection from discovery under the theory that they will later be used for impeachment purposes, see Note to Rule 70, 60 T.C. 1098, and the first ordered paragraph appearing in the Court's Standing Pretrial Order dated June 8, 1993, respondent did not interpose an objection to discovery on this ground. In sum, we conclude that the materials in question are not protected under the privilege asserted by respondent at the hearing of this matter. 5. Respondent seeks to protect all of the material appearing under *291 the heading "EVIDENCE RELATING TO SENTENCING GUIDELINES" on pages 46-49 of the report. We cannot agree with respondent that this material contains statements of advice, deliberation, or recommendation that merit protection from disclosure. From our perspective, this material simply sets forth the special agent's application of sentencing guidelines based on the facts disclosed by the investigation. In the absence of more detailed argument on the point, we conclude that the material is not privileged. 6. Respondent seeks to protect all of the material appearing under the heading "RECOMMENDED GRAND JURY ACTION" on pages 52-54 of the special agent's report. We agree with respondent that the material contains the special agent's recommendations concerning the course of the investigation. Accordingly, we find that the material is privileged. Having concluded that portions of the special agent's report contain statements of advice, deliberation, and recommendation, we are required to weigh petitioner's need for the information against the policies favoring nondisclosure. Other than a brief argument that the governmental privilege does not apply, petitioner failed to articulate *292 any particular need for the material. Under the circumstances, we hold that respondent need not disclose the portions of the report identified above as privileged. The memorandum dated October 25, 1993
The memorandum dated October 25, 1993, is a three-page memorandum which served as a cover letter for the transmission of the special agent's report from the District Director in Portland, Oregon, to the District Counsel located in the same city. Respondent asserts that four separate portions of the memorandum are privileged. We disagree. The portions of the memorandum that respondent seeks to protect contain the special agent's recommendations regarding the crimes for which petitioner should be prosecuted. Our in camera inspection of the disputed documents reveals that these recommendations were in fact fully disclosed to petitioner on pages 2 and 55-56 of the special agent's report. Under the circumstances, we conclude that respondent waived any privilege relating to these materials. B. Attorney work product doctrine
It is well settled that our Rules generally protect attorney work product from discovery. See Note to Rule 70, 60 T.C. 1098; *293 see also Hartz Mountain Indus., Inc. v. Commissioner, 93 T.C. 521, 528 (1989); Zaentz v. Commissioner, 73 T.C. 469, 478 (1979); Branerton Corp. v. Commissioner, supra at 198; P. T. & L Constr. Co. v. Commissioner, supra at 408. The attorney work product doctrine generally protects materials prepared in anticipation of litigation. Branerton Corp. v. Commissioner, supra at 198; P. T. & L Constr. Co. v. Commissioner, supra at 408. The policies and concerns underlying the attorney work product doctrine are explained in Hickman v. Taylor, 329 U.S. 495, 510-511 (1947), as follows: In performing his various duties * * * it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without *294 undue and needless interference. * * * This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways -- aptly though roughly termed * * * the "work product of the lawyer." Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.
Respondent contends that the criminal reference letter dated December 30, 1993, from the Assistant District Counsel (Portland, Oregon) to the Acting Assistant Attorney General (Tax Division), U.S. Department of Justice, was prepared in anticipation of litigation, and thus, is protected under the work product doctrine. We agree. The criminal reference letter contains a detailed recommendation (as well as legal analysis *295 supporting the recommendation) that petitioner be criminally prosecuted for various tax violations. The correspondence, directed from an Assistant District Counsel, an attorney serving as counsel to the Commissioner, to the Acting Assistant Attorney General, the attorney charged with prosecuting criminal tax violations, seems to us a classic example of attorney work product. Accordingly, we hold that the criminal reference letter is protected from discovery. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code as amended. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner's Motion to Compel Discovery includes a request for an order directing respondent to answer petitioner's interrogatories. Given respondent's representation at the hearing of this matter that answers to interrogatories were served on petitioner, and the lack of an objection or other communication on the point from petitioner, we assume that petitioner is satisfied with the answers provided. Accordingly, we consider the matter moot.↩
3. In submitting the special agent's report and the related memorandum to the Court for in camera↩ inspection, respondent indicated that all of the materials that she seeks to protect from discovery are covered with red transparent tape.
4. At the hearing of this matter, the Court exercised its discretion to accept the disputed documents for in camera inspection. While we have reviewed the documents and have considered the privileges asserted by respondent, we observe that this proceeding could have been simplified, and fairness and efficiency enhanced, if respondent had provided the Court and petitioner with an index similar to the index more fully described in Vaughn v. Rosen, 484 F.2d 820, 826-828↩ (D.C. Cir. 1973) (involving a request for documents under the Freedom of Information Act).
5. The fifth paragraph appearing on page 38 states facts that are slightly different from facts stated in the fourth full paragraph on page 19.↩