**Lawrence MOORE, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 02–2371.

United States Court of Appeals, Sixth Circuit.

June 6, 2003.

Before: KEITH, MOORE, and GIBBONS, Circuit Judges.

## ORDER

Lawrence Moore, proceeding pro se, appeals a decision of the tax court finding him liable for a 1999 federal income tax deficiency as determined by the Commissioner of Internal Revenue ("Commissioner"). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 30, 2001, the Commissioner issued a notice of deficiency to Moore. The notice stated that the Commissioner had "determined that there is a deficiency (increase) in [Moore's] income tax" in the amount of $4,233 for the tax year ending December 31, 1999. The documents that were attached to the notice indicated that the deficiency amount represented an alternative minimum tax ("AMT") and demonstrated how the AMT was calculated.

In response to the Commissioner's notice of deficiency, Moore filed a petition in the United States Tax Court, pursuant to 26 U.S.C. §§ 6213 and 7442, in which he sought a redetermination of the deficiency as calculated by the Commissioner. The tax court determined that there was a deficiency in the amount of Moore's income tax for the year 1999, determined that Moore was liable for the AMT as calculated by the Commissioner, and entered a decision in favor of the Commissioner. Moore's subsequent motion to vacate the decision was denied. Moore has filed a timely appeal. He requests oral argument in his reply brief. In addition, Moore has submitted a "statement of the issues on appeal."

We review de novo the tax court's legal conclusions. *Zack v. Comm'r*, 291 F.3d 407, 412 (6th Cir.2002). "In particular, this court reviews the Tax Court's interpretation of Internal Revenue Code provisions and related Treasury regulations *de novo.*" *Churchill Downs, Inc. v. Comm'r*, 307 F.3d 423, 425 (6th Cir.2002).

The AMT represents an effort by Congress to prevent a taxpayer from either avoiding tax liability altogether or "paying a shockingly low percentage of his income as tax." *Kenseth v. Comm'r*, 259 F.3d 881, 882 (7th Cir.2001) (quoting *First Chicago Corp. v. Comm'r*, 842 F.2d 180, 181 (7th Cir.1988)). Taxpayers who are subject to a regular tax are also subject to the AMT. 26 U.S.C. § 55(b)(2). However, a taxpayer is only liable for payment of an AMT to the extent that the AMT exceeds the taxpayer's regular tax. 26 U.S.C. § 55(a). The AMT establishes a method for taxing income which the regular tax does not reach. Consequently, deductions and credits that are excluded in the computation of a regular tax are included in the computation of the AMT. 26 U.S.C. § 55(b)(2).

Upon review, we conclude that the tax court properly concluded that Moore is liable for the AMT as calculated by the Commissioner. Moore's taxable income for 1999 was $8,134.05 and his regular tax was $1,219. However, Moore's tentative minimum tax ("TMT") for 1999 was $5,452.08. Because Moore's TMT exceeded his regular tax by $4,233, rounded to the nearest dollar, Moore is liable for the AMT in that amount. Moore's arguments on appeal do not compel a different result.

We further conclude that Moore's arguments relating to discovery and recusal of the tax court judge are without merit. First, the determination of whether Moore is liable for payment of an AMT is a legal question that is not dependent upon any facts. Therefore, discovery of unspecified facts allegedly in possession of the Commissioner is simply unnecessary in this case. Second, Moore offers no facts or evidence to establish that the impartiality of the tax court judge might reasonably be questioned. Moore's subjective beliefs and the tax court's adverse rulings in his case are insufficient to demonstrate that the tax court judge was biased and prejudiced against him. *See Traficant v. Comm'r*, 884 F.2d 258, 267 (6th Cir.1989); *Khan v. Yusufji (In re Khan)*, 751 F.2d 162, 164 (6th Cir.1984).

Accordingly, the request for oral argument is denied and the decision of the tax court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.