T.C. Memo. 2003-307


UNITED STATES TAX COURT


LAWRENCE MOORE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12424-02.                Filed November 6, 2003.


Lawrence Moore, pro se.

Dennis G. Driscoll and Michelle M. Lippert, for respondent.


MEMORANDUM OPINION


GOLDBERG, Special Trial Judge: Respondent determined a
deficiency in petitioner's Federal income tax of $2,301 for the
taxable year 2000. Unless otherwise indicated, section
references are to the Internal Revenue Code in effect for the
year in issue.

The issue for decision is whether petitioner is liable for the alternative minimum tax (AMT) in the amount determined by respondent.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Toledo, Ohio, on the date the petition was filed in this case.

Petitioner filed a Federal income tax return for taxable year 2000. As is relevant here, petitioner reported on his return gross income of $1,824 from a refund of taxes; a personal exemption deduction of $2,800; an itemized deduction of $5,445 for taxes paid; miscellaneous itemized deductions of $27,057 for unreimbursed employee business expenses; taxable income of $21,569; and a tax liability of $3,236. Petitioner did not report AMT liability in any amount. In the notice of deficiency, respondent did not adjust any of the above items reported by petitioner. Respondent's sole adjustment was his determination that petitioner was liable for the AMT in the amount of $2,301.

We have reviewed respondent's calculation of the AMT imposed by section 55(a) and conclude that it is in accordance with the provisions of the Internal Revenue Code. This calculation, and the underlying provisions of the Internal Revenue Code, can be summarized as follows:

| | |
|---|---:|
| Taxable income reported by petitioner | $21,569 |
| Refunded taxes included in gross income by petitioner | (1,824) |
| Exemption deduction claimed by petitioner | 2,800 |
| Miscellaneous itemized deductions claimed by petitioner | 27,057 |
| Itemized deduction for taxes paid claimed by petitioner | 5,445 |
| Alternative minimum taxable income under sec. 55(b)(2)[1] | 55,047 |
| Exemption amount pursuant to sec. 55(d)(1)(B) | (33,750) |
| Taxable excess under sec. 55(b)(1)(A)(ii) | 21,297 |
| Tentative minimum tax under sec. 55(b)(1)(A)(i) (in this case equal to 26% of the taxable excess) | 5,537 |
| Regular tax under sec. 55(c)(1) as reported by petitioner | (3,236) |
| AMT liability under sec. 55(a) | 2,301 |

[1]The adjustments to taxable income required in this case to calculate alternative minimum taxable income are found, respectively, in sec. 56(b)(1)(D) and (E) and (A)(i) and (ii).

There are no facts relevant to this calculation other than those underlying the items that petitioner himself reported on his tax return. Thus, there are no disputed relevant facts.

Petitioner has set forth various arguments as to why he should not be liable for the AMT. In these arguments, he calls into question the integrity and fairness of this Court,[1] and he makes various generalized assertions that respondent and the IRS acted inappropriately, both with respect to him and with respect

---

[1]For example, petitioner asserts that respondent and the Court have engaged in improper ex parte communications in a collusive effort to undermine petitioner's case. Petitioner's primary support for this argument lies in two letters which Internal Revenue Service (IRS) Appeals officers sent to petitioner. The first letter notified petitioner that the IRS Appeals Office was reviewing his case, and the second letter requested that petitioner settle the case by signing a stipulated decision document. Because the letters were sent to petitioner after he filed the petition in this case (and because the second letter was dated on the same date as the Court's Notice Setting Case For Trial), petitioner interprets these letters to indicate the existence of ex parte communications. However, we find nothing in the letters suggesting ex parte communications; the letters merely represent a proper attempt by the IRS Appeals Office to resolve this case before trial.

to society as a whole.  We find these and the rest of petitioner's arguments to be unfounded and frivolous. Petitioner's legal arguments do little more than recite law or legal principle which is irrelevant, taken completely out of context, or otherwise misapplied.  "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  Furthermore, many of petitioner's arguments advocate amendment or repeal of the AMT.  This Court is not the proper place for these arguments.  The function of this Court is to accurately and justly apply the laws as they were written by Congress.

Nevertheless, we briefly address one aspect of petitioner's arguments.  Throughout the trial and in petitioner's various documents filed in this Court, including his brief, petitioner focuses on his inability to conduct discovery in this case. Petitioner misunderstands the nature of discovery.  The purpose of discovery in this Court is to ascertain facts which have a direct bearing on the issues before the Court, not to conduct a "fishing expedition".  Estate of Woodard v. Commissioner, 64 T.C. 457, 459-460 (1975).  There are no factual disputes in the case at hand--respondent merely calculated petitioner's AMT liability under the relevant statutes using information which petitioner

himself provided. It is therefore the Court's responsibility to apply the law to the undisputed facts in order to ascertain petitioner's correct tax liability. Penn-Field Indus., Inc. v. Commissioner, 74 T.C. 720, 722 (1980). We have done so and, as discussed above, have concluded that respondent's determination is correct under the law.

Section 6673(a)(1) gives this Court the discretion to require a taxpayer to pay to the United States a penalty not in excess of $25,000 where it appears that proceedings before the Court have been instituted or maintained by the taxpayer primarily for delay, or that the taxpayer's position is frivolous or groundless. Petitioner has advanced only frivolous arguments and groundless assertions in this case. Furthermore, this is the second case petitioner has brought in this Court concerning the application of the AMT provisions of the Internal Revenue Code. In Moore v. Commissioner, T.C. Memo. 2002-196, we upheld respondent's determination that petitioner was liable for the AMT in a situation nearly identical to the present case. Petitioner has made no attempt to distinguish the two cases. After the trial of the present case, the Court of Appeals for the Sixth Circuit affirmed the decision of this Court in petitioner's prior case, stating:

> We further conclude that Moore's arguments relating to discovery and recusal of the tax court judge are without merit. First, the determination of whether Moore is liable for payment of an AMT is a legal question that is not

dependent upon any facts. Therefore, discovery of unspecified facts allegedly in possession of the Commissioner is simply unnecessary in this case. Second, Moore offers no facts or evidence to establish that the impartiality of the tax court judge might reasonably be questioned. Moore's subjective beliefs and the tax court's adverse rulings in his case are insufficient to demonstrate that the tax court judge was biased and prejudiced against him. * * *

Moore v. Commissioner, 66 Fed. Appx. 625, 626 (6th Cir. 2003).

In part because petitioner's appeal was not decided before the present case went to trial, we decline to require petitioner to pay a penalty under section 6673(a)(1) at this time. Nevertheless, the imposition of such a penalty remains within the discretion of this Court if petitioner continues to advance frivolous arguments which waste limited judicial and administrative resources.

To reflect the foregoing,

Decision will be entered for respondent.