THOMAS J. BARKETT AND MARTHA L. BARKETT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60877. Filed March 10, 1959.

*L. Eugene McNatt, Esq.*, for the petitioners.
*James R. Harper, Jr., Esq.*, for the respondent.

FISHER, *Judge:* Respondent determined a deficiency in income tax of petitioners for the taxable year 1950 in the amount of $1,037.96.

The sole contested issue is whether or not petitioners are entitled to deduct membership assessments paid in 1950 to the Atlanta Retail Liquor Association, the focal point being whether petitioners have met the burden of proving that no substantial part of the activities of said association was carrying on propaganda, or otherwise attempting, to influence legislation.

### FINDINGS OF FACT.

Petitioners are individuals residing in Atlanta, Georgia. Petitioners filed their income tax return for the year 1950 with the collector of internal revenue for the district of Georgia, Atlanta, Georgia.

Petitioner Thomas J. Barkett operated, in 1950, one retail liquor business as a partnership and another retail liquor business as a proprietorship.

Thomas J. Barkett paid to the Atlanta Retail Liquor Association an assessment of 20 cents for each case of liquor delivered to his stores. The assessments of 20 cents per case were included in the invoices accompanying incoming cases of whiskey and were paid by Barkett along with payment for the whiskey received. Petitioners included the 20 cents per case assessment as a part of the cost of goods sold in preparing their individual and partnership income tax returns for 1950. The amount of assessments so deducted on petitioners' income tax return amounted to $1,584.19 in 1950.

Petitioner was one of approximately 175 members of the Atlanta Retail Liquor Association, all of whom were located in Fulton County and Atlanta, Georgia.

The Atlanta Retail Liquor Association employed only two persons in 1950. The executive committee and board of directors also worked for the association, and, together with said employees, performed all of the functions of the association.

The charter of the Atlanta Retail Liquor Association provides, in part, as follows:

3. Said corporation shall be a non-profit corporation and shall have no capital stock.

4. Said corporation shall have for its objects and purposes the following:

(a) To effect a thorough organization of the retail liquor dealers in the City of Atlanta, Georgia, and its trade area;

(b) To promote the welfare of the liquor industry, and to co-operate with wholesalers and manufacturers for that purpose;

(c) To improve the condition of retail liquor dealers, individually and collectively, and their service to the public;

(d) To encourage fraternal spirit and resist encroachment on their rights;

(e) To secure uniform and united action in the common interests;

(f) To provide a medium for the exchange of ideas for the purpose of developing better methods of management and of increasing efficiency and industrial betterment for the benefit of all retail liquor dealers.

(g) To co-operate with civic organizations and others for the purpose of promoting and improving the public relations of the liquor industry.

(h) To help promote understanding between all Government authorities and the liquor industry, and to co-operate with all law enforcement agencies in controlling and preventing any violations of any law or regulation by any retail liquor dealer.

(i) To encourage the highest ethical standards in the operation of retail liquor stores;

(j) And other purposes of like nature.

5. Said corporation shall not engage in any business of a kind ordinarily carried on for profit.

6. Said corporation shall raise funds from dues and/or contributions from its members in such amounts and at such times as the Board of Directors shall determine.

7. No part of the net income of said corporation shall inure to the benefit of any member; and upon dissolution, or expiration of the charter of said corporation, if said charter should lapse without a revival thereof, any excess of assets over liabilities shall not be distributed to its members, but shall be distributed to a charitable organization or organizations located in the City of Atlanta, Georgia, to be selected by the Board of Directors of said corporation.

8. Said corporation shall have all of the powers and enjoy all of the privileges enumerated in Chapter 22–18 of the Code of Georgia not inconsistent with the objects and purposes of its existence.

The activities of the association included the following: To unite the retail liquor dealers in the area; to police the industry; to paint the industry in a favorable light before the public; to render services to prevent the passing of bad checks to members of the association; to encourage obedience among the members to Federal, State, and local laws; to police violations of the minimum markup law; and to send out shoppers to check on rumors of violations.

A purpose of petitioner Thomas J. Barkett in joining the association was to benefit himself and his business because of the ultimate effect of the association's activities in preventing practices in the industry which would tend to have an adverse effect on his profits.

### OPINION.

Respondent determined that the membership assessments in question were not deductible as contributions under section 23(o) or as trade or business expenses under section 23(a), both of the Code of 1939.[1]

Respondent's determination is prima facie correct, and the burden of proof of error in such determination rested with petitioners. *Herbert Davis*, 26 T.C. 49, 59 (1956). We have no doubt that petitioners were fully aware of the real issue in the case in relation to

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. * * *

    \*       \*       \*       \*       \*       \*       \*

(o) CHARITABLE AND OTHER CONTRIBUTIONS.—In the case of an individual, contributions or gifts payment of which is made within the taxable year to or for the use of:

    \*       \*       \*       \*       \*       \*       \*

(2) A corporation, trust, or community chest, fund, or foundation, created or organized in the United States or in any possession thereof or under the law of the United States or of any State or Territory or of any possession of the United States, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation; * * *

such burden. No motion was made looking toward a further and better statement of respondent's case under the provisions of this Court's Rule 17(c)(1). At the trial, respondent's counsel stated, *inter alia:*

In short, then, the real question here, was a substantial part of the funds of this Atlanta Retail Association used for carrying on propaganda, influence legislation, or for any of the purposes which are specifically listed in Section 23(o), again restated in the Regulation? We state now that that is the premise of the case * * *

Petitioners' counsel made no claim of surprise, and made no effort to produce or request for an opportunity to produce evidence bearing on the issue as presented by respondent's counsel, which was within the purview of the disallowance in the statutory notice. Instead, petitioners' counsel sought to avoid the issue of whether any substantial part of the association's activities consisted of carrying on propaganda, or otherwise attempting, to influence legislation (which would not have been inconsistent with the stated objects and purposes set forth in the charter of the association) by stating on behalf of petitioners that they were not contending for a deduction under section 23(o), but that they were contending for a section 23(a) deduction as ordinary and necessary business expense paid to a business league. This, in itself, was an implied recognition of the issue.

In this posture of the case, petitioners having produced no evidence supporting the view that no substantial part of the association's activities consisted of carrying on propaganda, or otherwise attempting, to influence legislation, a disposition of the issue in favor of respondent is required by the principles announced by the Supreme Court in *Cammarano* v. *United States* (and *F. Strauss & Son, Inc.* v. *Commissioner*), 358 U.S. 498 (both cases dealt with in one opinion filed Feb. 24, 1959). See also, more specifically, *Herbert Davis, supra,* in which we said, in part (p. 59):

The law is well settled. In *Textile Mills Corp.* v. *Commissioner*, 314 U.S. 326 (1941), the Supreme Court, in a case involving donations made by a corporation, gave its approval to the substance of the regulations here involved when it sanctioned the then applicable provision of Regulations 74 containing precisely the same language presently included in Regulations 111, sections 29.23(o)–1 and 29.23(q)–1. The application of such principles to limit the deductibility of donations of individuals under section 23(o) by Regulations 111, section 29.23 (o)–1, is equally valid. *Textile Mills Corp., supra; Mary E. Bellingrath,* 46 B.T.A. 89 (1942); *Mrs. William P. Kyne,* 35 B.T.A. 202 (1936). We have also held that the principles embodied in such regulations were applicable as well under section 23(a). *McClintock-Trunkey Co.,* 19 T.C. 297, 304 (Issue 2), reversed on another issue (C.A. 9, 1954) 217 F. 2d 329. See also *American Hardware & Eq. Co.* v. *Commissioner,* (C.A. 4, 1953) 202 F. 2d 126, affirming a Memorandum Opinion of this Court.

*Decision will be entered under Rule 50.*