ART'S FOOD CENTER, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 549-62.   Filed October 17, 1962.

*Robert G. Moch, Esq.*, for the petitioner.
*William B. Riley, Esq.*, for the respondent.

OPINION.

TIETJENS, *Judge:* The Commissioner filed his answer in this case on April 24, 1962. The answer apparently was served on petitioner on April 25, 1962. On August 7, 1962 (more than 30 days thereafter), the petitioner filed a "Motion for a Further and Better Statement" addressed to the answer.

The Commissioner has objected to the motion for the reason, among others, that it is untimely, pointing to Rule 15 (*a*), Rules of Practice, Tax Court of the United States, which provides as follows:

(*a*) *Time to reply or move.*—The petitioner, after service upon him of an answer in which material facts are alleged, shall have 45 days within which to file a reply or 30 days within which to move with respect to the answer.

At the same time, the Commissioner in his argument calls attention to Rule 17. Amended and Supplemental Pleadings, subsection (*c*) of which reads as follows:

(*c*) *Amendment ordered.*—

(1) *Occasion for.*—The Court upon its own motion, or *upon motion of either party showing good cause filed prior to the setting of the case for trial,* may order a party to file a further and better statement of the nature of his claim, of his defense, or of any matter stated in any pleading. Such a motion filed by a party shall point out the defects complained of and the details desired. [Emphasis supplied.]

The specific question is whether the 30-day limitation mentioned in Rule 15(a) makes this motion untimely or whether the motion was timely because filed "prior to the setting of the case for trial" as provided in Rule 17(c).

We hold that Rule 17(c) governs and that the motion is timely. This rule specifically applies to motions asking the Court to "order a party to file a further and better statement of the nature of his claim, of his defense, or of any matter stated in any pleading." That is exactly what the motion under consideration was designed to do. The rule further specifically provides that such an order may be made upon a motion "filed prior to the setting of the case for trial." The time within which the motion under consideration was filed falls literally within the language of Rule 17.

We think motions, such as the one before us, which seek to compel clarification of pleadings are timely if filed prior to the setting of the case for trial as provided in Rule 17 and that the timeliness of such motions is not restricted, either by Rule 14 which limits the time within which to move with respect to a petition to 45 days, or Rule 15 which contains a 30-day limitation within which to move with respect to an answer.

Other objections raised by the Commissioner will be given appropriate consideration.

Reviewed by the Court.

*An appropriate order will be entered.*