ESTATE OF WILLIAM R. ALLENSWORTH, DECEASED, DAVID ALLENSWORTH AND FIRST GALESBURG NATIONAL BANK & TRUST COMPANY, CO-EXECUTORS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6073-75.    Filed April 6, 1976.

*Charles W. Davis* and *William P. Sutter,* for the petitioner.
*Thomas E. Bulleit,* for the respondent.

### OPINION

SIMPSON, *Judge:* Under Rule 90(d), Tax Court Rules of Practice and Procedure,[1] the petitioner filed a motion requesting

---

[1] All references to Rules are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

us to review the reasons given by the Commissioner for refusing to respond to certain requested admissions and requesting that we deem those matters admitted or order the Commissioner to furnish proper answers to those matters not admitted. The parties submitted memorandums in support of their positions and a hearing was held.

The underlying substantive tax issue with which the requests principally deal is whether a trust created by the will of William R. Allensworth (marital trust) qualifies for the marital deduction under section 2056 of the Internal Revenue Code of 1954. The notice of deficiency merely stated:

It is also determined that the amount of $1,651,091.00 claimed as a marital deduction under the will of the decedent is not allowable because the testamentary trust established under decedent's will does not meet the requirements of section 2056(b)(5) * * *

The Commissioner's answer provides no further elaboration of his position. To ascertain the grounds on which the Commissioner relied, the petitioner's attorneys, under Rule 90(a), served him with 14 requested admissions. The Commissioner responded by admitting request No. 1, by denying requests Nos. 8 and 14, and by objecting to the others.

Here, we have a vague notice of deficiency, that is, a notice of deficiency in which the Commissioner makes a determination that may be based on any one of a number of grounds but in which he fails to advise the taxpayer of the grounds on which he relies. For years, such notices of deficiency have created problems in proceedings in this Court. Prior to the adoption of the present Rules, this Court at times sought to assist taxpayers who had received such a vague notice by requiring the Commissioner to amend his answer and provide a more definite statement of the grounds upon which he relied, including his legal and factual theories. See *Art's Food Center, Inc.,* 39 T.C. 169, 170 (1962); *Thomas J. Barkett,* 31 T.C. 1126, 1128-1129 (1959); *Hyman B. Stone,* 22 T.C. 893, 902 (1954).

When the present Rules were being drafted, the problem of the vague notice of deficiency was considered, but a different approach was adopted to provide relief. The purpose of pleadings is to give the parties and the Court "fair notice of the matters in controversy." Rule 31(a). Thus, under Rule 51(a), a motion for a more definite statement of a pleading is to be filed only when "a pleading to which a responsive pleading is permitted or required

is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The test is whether a responsive pleading can be framed: even though a pleading is stated in conclusory terms, a Rule 51 motion must be denied if a responsive pleading can be framed. *Frank Ryskiewicz,* 63 T.C. 83 (1974). Under the present Rules, a motion for a more definite statement of the answer is not to be used merely to obtain a statement of the Commissioner's grounds or the facts or theories upon which he relies.

Although Rule 51(a) is not to be used for that purpose, such Rule suggests how a more definite statement can be obtained; it provides in part: "See Rules 70 and 90 for procedures available to narrow the issues or to elicit further information as to the facts involved or the positions of the parties." The explanatory note to Rule 51(a) explains this cross reference in the following manner:

A pleading may be sufficiently definite or represent a sufficient statement, and yet the adverse party may be entitled to further information for other reasons. *In that event, other procedures, such as those to which cross-reference is made in this rule, should be used rather than the motion for a more definite statement.* [60 T.C. 1092 (1973); emphasis supplied.]

Here, the petitioner has sought to secure a clarification of the Commissioner's position in the case by use of the procedures established by Rule 90. Rule 90(a), in relevant part, provides as follows:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters which are not privileged and are relevant to the subject matter involved in the pending action, *provided such matters are set forth in the request and relate to statements or opinions of fact or of the application of law to fact,* including the genuineness of any documents described in the request. * * * [Emphasis supplied.]

The explanatory note to Rule 90(a) states that it is based upon Rule 36 of the Federal Rules of Civil Procedure (FRCP), which contains language identical to the underscored portion of Rule 90(a). 60 T.C. at 1114-1115.

For sake of our discussion, the petitioner's requested admissions may be divided into three categories. The first category includes those requests which seek admissions as to the construction of the provisions of the will of William R. Allensworth.[2] The second category includes requests which seek

---

[2] These are requests Nos. 2, 4, 5, 6, 7, 9, 10, and parts of Nos. 3 and 11, which read as follows:

admissions as to the Commissioner's opinion regarding the facts of the case or regarding the application of law to the facts.[3] The third category consists of requests which seek admissions as to the Government's contentions in the case.[4]

2. By Paragraph Sixth of his will, William R. Allensworth created a trust of property equal in value to 50% of the value of his adjusted gross estate as finally determined for federal estate tax purposes, less the aggregate amount of marital deductions, if any, allowed for such tax purposes by reason of property or interests in property passing or which had passed to his spouse other than by the terms of Paragraph Sixth. He termed this trust the "marital trust".

3. Paragraph Sixth directs that the assets used to fund the marital trust be selected in such manner that the cash and other property distributed to the Trustees of the marital trust will have an aggregate fair market value fairly representative of the marital trust's proportionate share of the appreciation or depreciation in value to the date, or dates, of distribution of all property then available for distribution. * * *

4. Paragraph Sixth also provides that no assets or proceeds of any asset may be included in the marital trust as to which a marital deduction is not allowable if included.

5. By subparagraph A of paragraph Sixth, Frances M. Allensworth is designated as the sole income beneficiary for life of the entire interest in the marital trust. Such income is payable to her at least quarter-annually.

6. Subparagraph A also gives the trustees discretion to invade principal of the marital trust in the event Mrs. Allensworth is in need of additional funds because of sickness, accident or some unforeseen emergency, or for her comfortable support.

7. By subparagraph B of paragraph Sixth, Frances M. Allensworth is given the power, exercisable in all events, to appoint the entire interest in the marital trust in favor of her estate. No other person has power to appoint any part of the interest to any person other than such spouse.

* * *

9. By Paragraph Seventh of his Will, Mr. Allensworth created a residuary trust and designated Mrs. Allensworth as the income beneficiary of such trust, with the limitation that the maximum income which she may receive from the residuary trust is $1,000 per month, any excess income to be accumulated and added to principal.

10. Subparagraph F of Paragraph Seventh gives the trustees discretion to invade principal of the residuary trust during Mrs. Allensworth's lifetime in the event a child of Mr. Allensworth is in need of additional funds because of sickness, accident or some unforeseen emergency, or for support, but does not permit invasion for Mrs. Allensworth's benefit.

11. Frances M. Allensworth has no power of appointment over the principal of the residuary trust. * * *

[3] These are parts of requests Nos. 3 and 11, which read as follows:

3. * * * This provision complies with the conditions established by Revenue Procedure 64-19, 1964-1 C.B. 682, for allowance of a marital deduction where a transfer in trust, as in Mr. Allensworth's Will, is to be satisfied with assets valued at their value as finally determined for federal estate tax purposes.

11. * * * Mr. Allensworth's children, other descendants of Mr. Allensworth, and unknown heirs of Mr. Allensworth are the contingent remaindermen of the residuary trust.

[4] These are requests Nos. 12 and 13, which read as follows:

12. Respondent asserts in this case that a marital deduction is not allowable with respect to the assets passing to the marital trust under Paragraph Sixth of the Will of William R. Allensworth, because Subparagraph F of Paragraph Eleventh authorizes the Trustees "to purchase as an investment for a trust, insurance on the life of any beneficiary or on the life of any person related by blood or marriage to a beneficiary."

13. The technical advice memorandum of the National Office of the Internal Revenue Service, dated November 25, 1974, addressed to the District Director of Internal Revenue, Springfield, Illinois, District Office, * * * is genuine and correctly states respondent's legal

The Commissioner objects to responding to these requested admissions and argues that the admissions procedure may only be used to establish the genuineness of a document, and that it may not be used to request an "interpretation, understanding, or paraphrasing" of provisions of a document. He claims that a document "speaks for itself" and that it is for this Court to decide the meaning of the provisions of a document. He relies upon cases dealing with FRCP rule 36 prior to its amendment in 1970 and asserts, without citing any authority, that those amendments made no substantive change in the rule. He also argues that conclusions of law and contentions of a party may not be the subject of a requested admission. He suggests that if the petitioner wishes a clarification of the Commissioner's position in the case, interrogatories should have been used for that purpose.

Prior to 1970, FRCP rule 36 limited the matters which could be sought under it to "facts." Moreover, FRCP rule 33, relating to interrogatories, was likewise interpreted so as to limit interrogatories to "facts." A split of authority developed under such rules as to what constituted "facts." Some courts held that opinions of fact, opinions of law to facts, and the legal and factual contentions and positions relied upon by a party did not constitute "facts" and hence were not proper subjects for interrogatories under FRCP rule 33 or for requests for admissions under FRCP rule 36. On the other hand, a growing number of courts had held that some or all of such matters constituted "facts" for purposes of FRCP rules 33 and 36. See generally 4A Moore, Federal Practice, pars. 33.17 and 36.04[4] (2d ed. 1974); 8 Wright & Miller, Federal Practice and Procedure: Civil, secs. 2167, 2254, and 2255 (1970).

In 1970, FRCP rules 33 and 36 were amended so as to make clear that such rules were not limited to "facts." Such rules were amended to provide that they apply to any "matters" relating to opinions of fact, opinions of law with respect to fact, and statements of law with respect to fact. The advisory note to amended FRCP rule 36(a) explained:

As revised, * * * [rule 36(a)] provides that a request may be made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of

position with respect to the allowance of a marital deduction as set forth in paragraph 12, above.

fact or of the application of law to fact. It thereby eliminates the requirement that the matters be "of fact." This change resolves conflicts in the court decisions as to whether a request to admit matters of "opinion" and matters involving "mixed law and fact" is proper under the rule. * * *

Not only is it difficult as a practical matter to separate "fact" from "opinion," * * * but an admission on a matter of opinion may facilitate proof or narrow the issues or both. An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues. For example, an admission that an employee acted in the scope of his employment may remove a major issue from the trial. In *McSparran* v. *Hanigan, supra,* plaintiff admitted that "the premises on which said accident occurred, were occupied or under the control" of one of the defendants, 225 F. Supp. at 636. This admission, involving law as well as fact, removed one of the issues from the lawsuit and thereby reduced the proof required at trial. The amended provision does not authorize requests for admissions of law unrelated to the facts of the case. [48 F.R.D. 487, 532 (1970).]

This history of the 1970 amendment of FRCP rule 36 shows that such amendment made a significant change in the scope of that rule. The amendment makes clear that requests for admission are not confined to matters of "fact" but may also include a contention of a party or a party's opinion of fact or law. The effect of such amendment is recognized by the leading authorities in the field of civil procedure. See 4A Moore, Federal Practice, *supra,* par. 36.04[4] at pp. 36-40—36-41; 8 Wright & Miller, *supra* at sec. 2255.

It is quite clear that all the petitioner's requested admissions come within the scope of Rule 90(a). The requests concerning the construction of the will of Mr. Allensworth may be viewed either as requests for the statement of facts (that is, as a matter of fact, what is the construction adopted by the Commissioner) or as calling for a statement of his opinion concerning the application of law to fact (that is, what is the Commissioner's opinion as to how the canons of construction should be applied to the terms of the will). In either event, the subject is explicitly stated to be a matter covered by the Rule. In like manner, the Rule expressly covers the subject of the requested admissions concerning the Commissioner's opinion as to whether the provisions of the will are covered by one of his rulings and his opinion of the interpretation of the will under applicable State law. These requests do not call for the expression of abstract principles of law, which may not be the subject of requested admissions, but seek to learn what were the legal theories on which the Commissioner relied in determining the deficiency in the case.

Finally, there can be no doubt that under Rule 90, the Commissioner can be requested to admit or deny statements as to his contentions in the case. The Court will ultimately have to decide how the will is to be construed and how the State law is to be interpreted and applied to the facts of this case, but such fact does not relieve the Commissioner from the obligation of answering the requested admissions and setting forth his contentions with respect to such matters. The various contentions that will not be made, or the ones that will be made, are matters that should not properly be subject to dispute.

Moreover, responses by the Commissioner to the requested admissions should serve the purposes of Rule 90 by narrowing the issues to be litigated. See *John W. Pearsall,* 62 T.C. 94, 95-96 (1974); Explanatory Note to Rule 90(a), 60 T.C. at 1114-1115. When the Commissioner disallowed the deduction for the marital trust, we assume that he had a rational basis for such action—that is, in disallowing the deduction, he did so in reliance upon certain constructions of the will, the adoption of certain legal opinions, and the adherence to certain contentions; but he has not, so far, advised the petitioner of the bases for his action. In the light of the present record, the petitioner's preparation for trial—gathering the evidence, selecting witnesses, and the legal research—will be unnecessarily burdensome. When the Commissioner advises the petitioner of the contentions to be maintained by him in the case, including his construction of the will and his interpretations of his rulings and State law, the petitioner's trial preparation should be simplified.

Practice before this Court, as with Federal courts in general, is designed to make each party fully aware of the other party's case, including both the factual and legal foundations thereof. Proper trial preparation is time consuming and expensive, and therefore, it is important that well in advance of the trial each party know the issues which he must be prepared to try and those which are not to be tried. The admissions procedure is one of the devices that may be used to identify the issues to be tried, and our conclusion that contentions of the parties may be the subject of requested admissions carries out that objective.

In some cases, counsel may find it more suitable to submit interrogatories to the adverse party to ascertain a statement of his contentions. See Finman, "The Request for Admissions in Federal Civil Procedure," 71 Yale L. J. 371, 373-374 (1962).

However, if, as in this case, the counsel has reason to believe that he knows what will be the Commissioner's contentions and wishes to establish them as a matter of record, both the terms and purpose of Rule 90 are broad enough to permit its use in such a situation.

Our conclusion in this case will not unduly interfere with prior practices of this Court under which a party is allowed to adopt alternative positions or to change his position when a timely request is made to do so. Rule 31 recognizes that a party may be permitted to present alternative claims or defenses. If a party is asked to admit to a statement which is one of his contentions, he will be required to answer in the affirmative, but under Rule 90(c), he should qualify his answer by pointing out that he is also maintaining an alternative contention. A party must respond based on the information and evidence he has at the time of answering the request. Obviously, as a case progresses, new evidence or further thought might require such party to raise additional legal or factual contentions. Rule 90(e) specifically allows for the modification or withdrawal of admissions by leave of court, and if a party requests such permission, the Court will then decide whether the request is timely and the consequences of changing his position at such time. The effect of our holding is merely that a party cannot play games with the other party and refuse to disclose the contentions which he, at the time of the request, plans to present in the case.

The petitioner herein requested alternative relief—that is, either we should deem the requested matters to be admitted or we should order the Commissioner to answer such requests. Rule 90(d) provides that unless the objections interposed are found to be justifiable, the Court "shall order that an answer be served." The rule further provides that "If the Court determines that an answer does not comply with the requirements of this Rule, it may order either that the matter is admitted or that an amended answer be served." In this case, the petitioner has moved for relief only with respect to those requests that were not answered, and in view of the nature of this controversy, it is our judgment that the appropriate relief is to order the Commissioner to serve

answers to such requests within 30 days after the issuance of this opinion.[5]

*An appropriate order will be issued.*

---

[5] In reaching this conclusion, we do not pass on the possibility that in some cases, an objection may be so frivolous as to justify the Court ordering that the requested matter be deemed admitted under Rule 90(f).