OWENS-ILLINOIS, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10141–78.     Filed March 30, 1981.

*Robert Gosline, Charles J. Hickey,* and *Timothy L. Williams,* for the petitioner.

*Jack E. Prestrud,* for the respondent.

### OPINION

DAWSON, *Judge*: This case was assigned to Special Trial Judge John J. Pajak for hearing on petitioner's motion for more definite answers to petitioner's second request for admissions and interrogatories–second set and respondent's motion to enforce interrogatories. This Court agrees with and adopts his opinion which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

PAJAK, *Special Trial Judge*: This case is before the Court with respect to petitioner's motion for more definite answers to petitioner's second request for admissions and interrogatories—second set, filed July 18, 1980, and respondent's motion to enforce interrogatories, filed July 23, 1980. A hearing on this matter was held on August 20, 1980, in Washington, D.C. At the hearing, the parties indicated a willingness to follow the traditional stipulation process of this Court under Rule 91, Tax Court Rules of Practice and Procedure,[1] and additional time was granted to permit them to do so. *Branerton Corp. v. Commissioner*, 61 T.C. 691 (1974); *International Air Conditioning Corp. v. Commissioner*, 67 T.C. 89 (1976). Considerable progress in this regard appears to have been made by the parties. They remain at loggerheads with respect to one issue, and both parties have requested that we address that issue.

The question to be resolved is whether foreign law is subject to discovery under the Tax Court Rules of Practice and Procedure. This appears to be a case of first impression.[2]

To put the matter in context, respondent, at the hearing, stated that the substantive issue is "whether the petitioner in computing deemed-paid foreign tax credits under section 902 of the Internal Revenue Code of 1954 should be permitted to reduce the accumulated profits factor in the denominator of the fraction created by section 902 by liabilities accrued on the books of its West German subsidiaries and sub-subsidiaries for liabilities to unfunded deferred employee pension plans." Petitioner has advised by notice of intent that it intends "to raise issues concerning and to rely on the law of a foreign country, the West German Federal Republic (West Germany) as to 'Issue No. 2–Deemed Paid Foreign Tax Credits for 1972 and 1973 Dividends Received From West German Subsidiary.' "

Respondent states that petitioner has said it may rely on at least the tax law, corporate law, labor law, and bankruptcy law of West Germany, as well as the tax treaty between the United

---

[1]All references to a Rule are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]We have found no opinion which has ruled upon this point nor has any such opinion been cited to us by the parties.

States and West Germany. Respondent asserts that he is not in a position to agree or disagree with certain allegations and requests for admission made by petitioner because the foundational material of the law of West Germany has not been furnished by petitioner. Since our hearing on the motions of the parties, it appears that at one point petitioner was going to make available to respondent the relevant foreign law. Petitioner is no longer willing to do so. Accordingly, we must determine whether foreign law is subject to discovery.

This Court has previously explained in *Estate of Allensworth v. Commissioner*, 66 T.C. 33, 39 (1976), that:

> Practice before this Court, as with Federal courts in general, is designed to make each party fully aware of the other party's case, including both the factual and legal foundations thereof. Proper trial preparation is time consuming and expensive, and therefore, it is important that well in advance of the trial each party know the issues which he must be prepared to try and those which are not to be tried.

With those comments in mind, we turn to the foreign law question.

An extensive discussion of the historical aspects of the determination of foreign law is set forth in A. Miller, "Federal Rule 44.1 and the 'Fact' Approach to Determining Foreign Law: Death Knell for a Die-Hard Doctrine," 65 Mich. L. Rev. 615 (1967). It is not necessary to repeat that discussion.

This Court has provided for the determination of foreign law in Rule 146, Tax Court Rules of Practice and Procedure. Rule 146 provides:

> A party who intends to raise an issue concerning the law of a foreign country shall give notice in his pleadings or other reasonable written notice. The Court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or otherwise admissible. The Court's determination shall be treated as a ruling on a question of law.

The Note of our Rules Committee explains in pertinent part that: "This rule is taken almost verbatim from FRCP 44.1." (60 T.C. 1137).

Since we have not ruled in any opinion upon this question under Rule 146, we look to rule 44.1 of the Federal Rules of Civil Procedure (FRCP) and to the Advisory Committee Note thereto for guidance. Our discussion of rule 44.1, FRCP, is intended to apply equally to Rule 146. The Note indicates that rule 44.1,

FRCP, was intended to provide "flexible procedures for presenting and utilizing material on issues of foreign law" in order to reach a sound result with fairness to the parties. The Note further explains that in recognition of the "peculiar nature of the issue of foreign law," the Court is not limited by materials presented by the parties and is likewise free to insist upon a complete presentation by counsel.

In view of the flexibility intended by rule 44.1, FRCP, and our Rule 146, it is clear that issues of foreign law can be framed, molded, and even settled prior to trial in a number of ways, one of the most important of which is discovery. Interrogatories to parties and requests for admissions can be used to refine and sharpen disputed issues and assemble information relating to foreign matters. 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil, sec. 2444 (1971). In our view, discovery is an appropriate tool to enable a party to make a reasoned judgment as to the applicability of foreign law.

The unique character of foreign law, as well as the high cost of obtaining materials and experts, leads us to conclude that, at the least, a party should be able to use discovery to find the periphery of the foreign law in issue. We reach this conclusion even if it should result in a slightly wider scope of inquiry than is available on issues of domestic law. A. Miller, Federal Rule 44.1, 65 Mich. L. Rev. at 666. All parties should know the elements of the specific foreign laws upon which one of the parties relies.

Neither party has adequately addressed the application of the provision of Rule 70(b) that requested information or documents are not objectionable merely because they involve "an opinion or contention that relates to fact or to the application of law to fact." A similar provision is contained in Rule 90(a) which deals with requests for admissions, and the same principles are applicable to both Rules. *Zaentz v. Commissioner*, 73 T.C. 469 (1979). In *Estate of Allensworth v. Commissioner, supra,* under Rule 90, the Court required respondent to advise petitioner of the contentions to be maintained by him, including his construction of State law, so that the trial preparation could be simplified. Petitioner here should similarly advise respondent of like contentions to be maintained by it, including its construction of foreign law.

Petitioner asserts that its work product on legal matters is not discoverable under our decision in *Zaentz v. Commissioner,*

*supra.* As we observed in *P.T. & L. Construction Co. v. Commissioner*, 63 T.C. 404, 408 (1974), the work product doctrine has been given recognition in the Note of our Rules Committee to Rule 70(b). That Note states in pertinent part that:

With respect to experts, the scope of allowable discovery is indicated by Rule 71(d). The other areas, i.e., the "work product" of counsel and material prepared in anticipation of litigation or for trial, are *generally* intended to be outside the scope of allowable discovery under these Rules, and therefore the specific provisions for disclosure of such materials in FRCP 26(b)(3) have not been adopted. Cf. *Hickman v. Taylor*, 329 U.S. 495 (1947). [60 T.C. 1098; emphasis supplied.]

Thus, under our Rules, work product is generally intended to be outside the scope of discovery. *Branerton Corp. v. Commissioner*, 64 T.C. 191 (1975). We further explained in *P.T. & L. Construction Co. v. Commissioner, supra,* that since the work product doctrine applies only to materials prepared in anticipation of litigation, if the materials are not so prepared, they are discoverable as a matter of right, assuming relevancy and lack of privilege.

Petitioner asserts in its petition that the amount accrued by its West German subsidiary for employee pension plan expense was determined correctly for each of the years 1972 and 1973 under West German law. It is obvious that petitioner located the foreign law on which it based its U.S. tax position at the time it filed its returns and not in the course of this litigation. Thus, such foreign law does not fall under the work product doctrine. *P.T. & L. Construction Co. v. Commissioner, supra.* Petitioner makes an alternative argument based upon vested nonforfeitable pension benefits earned to the end of 1972 and 1973, respectively, under West German law. It appears possible that the West German law on which this alternative argument is made was located at the same time and the same principle would apply. In any event, we consider the foreign law discoverable.

Petitioner makes the broad claim that foreign law is not discoverable, citing *Zaentz v. Commissioner, supra.* The Court did not consider this issue in *Zaentz.* Although this Court has ruled that Rule 70(b) specifically provides that the burden of proof in a case shall have no bearing on whether the information is discoverable ( *Piscatelli v. Commissioner,* 64 T.C. 424 (1975)), concern was expressed in *Zaentz* about the attempt by one party to use discovery to shift the burden of proof to the other party.

Here, petitioner has the burden of proving that respondent's determination is incorrect. *Welch v. Helvering*, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Discovery of the foreign law relied upon by petitioner would not shift the burden of proof. Moreover, when this Court stated in *Zaentz v. Commissioner, supra* at 477, that under our discovery rules "there is no specific obligation on a party to set forth the legal authorities on which he relies," the reference was to the operative laws of the United States. Respondent is not here asking petitioner for a statement of the U.S. cases, regulations, or statutes on which petitioner relies. Aside from all else, the determination of foreign law is made by the Court under rule 44.1, FRCP, and Rule 146. Under those specific rules, we believe that it is not only permissable but desirable to allow the discovery of foreign law.

We are mindful that petitioner should not have to fully disclose its litigating position before trial. At this point, we shall not compel petitioner to provide respondent with the foreign case law on which it relies. We believe that respondent will be sufficiently apprised of petitioner's position if he is able to review petitioner's translations of the foundational foreign statutes and regulations and a statement of petitioner's construction of them.

By our decision here, we do not preclude petitioner from properly preparing for trial. A number of statements made in *Estate of Allensworth v. Commissioner, supra* at 40, are apposite here.

> Our conclusion in this case will not unduly interfere with prior practices of this Court under which a party is allowed to adopt alternative positions or to change his position when a timely request is made to do so. * * * Obviously, as a case progresses, new evidence or further thought might require such party to raise additional legal or factual contentions. * * * The effect of our holding is merely that a party cannot play games with the other party and refuse to disclose the contentions which he, at the time of the request, plans to present in the case.

In this case, the only way respondent can understand petitioner's contentions is to see the foreign law on which petitioner relies.

Ultimately, as Rule 146 provides, this Court will have to make a determination as to the foreign law, and its ruling will be on a question of law. *Zaffaroni v. Commissioner*, 65 T.C. 982 (1976); *Rosenkranz v. Commissioner*, 65 T.C. 993 (1976); *Reese v.*

*Commissioner*, 64 T.C. 395 (1975). This means this Court's determination on foreign law is not subject to the clearly erroneous rule. 9 C. Wright & A. Miller, *supra* at sec. 2444; 5 J. Moore, Federal Practice, par. 44.1.02 (2d ed. 1980). This does not mean that foreign law is not subject to discovery.

Petitioner has offered to make a report on applicable West German law available to respondent in advance of the 15 days before trial prescribed by Rule 71(d)(2). Petitioner also has stated that it will call one or more experts on West German law. This makes relevant Rule 71(d)(1), which provides:

By means of written interrogatories in conformity with this Rule, a party may require any other party (i) to identify each person whom the other party expects to call as an expert witness at the trial of the case, giving his name, address, vocation or occupation, and a statement of his qualifications, and (ii) to state the subject matter and the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each such opinion, or, in lieu of such statement to furnish a copy of a report of such expert presenting the foregoing information.

Under our Rules, respondent apparently could get more information than we are permitting at this stage if it should press Rule 71(d)(1) with respect to petitioner's foreign law expert or experts.

In view of our holding, the parties should be in a position to proceed with the stipulation process and to get to the merits of the case.

*An appropriate order will be issued.*