T.C. Memo. 1997-548


UNITED STATES TAX COURT


LARRY BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13623-96.                    Filed December 11, 1997.


        R moved for partial summary judgment on an issue
informally raised by P during an IRS Appeals Office
conference as to whether the period of limitations for
assessment had expired as a result of R's alleged
failure to honor an election by P's partnership for
treatment under the unified audit provisions of secs.
6221 through 6233, I.R.C.  R also moved to impose
sanctions under Rule 104(c), Tax Court Rules of
Practice and Procedure, including dismissal, for P's
ongoing noncompliance with a discovery order of the
Court.  P filed oppositions to both of R's motions.

        1.  <u>Held</u>:  R's motion for partial summary judgment
granted.  Rule 121(b), Tax Court Rules of Practice and
Procedure.

2. Held, further, R's motion to impose sanctions granted; this case will be dismissed; and decision will be entered against P for deficiencies and accuracy-related penalties under sec. 6662(a), I.R.C., in the amounts determined by R for the taxable years 1992 and 1993. Rule 104(c)(3), Tax Court Rules of Practice and Procedure.

Larry Brown, pro se.

William J. Gregg, for respondent.

MEMORANDUM OPINION

NIMS, Judge: This matter is before the Court on (1) respondent's motion for partial summary judgment under Rule 121; and (2) respondent's motion to impose sanctions under Rule 104(c), including dismissal of this case.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined the following deficiencies and accuracy-related penalties with respect to the Federal income tax of Larry Brown (petitioner) and Elizabeth R. Brown (Elizabeth) for the taxable years 1992 and 1993:

| Year | Deficiency | Penalties Sec. 6662(a) |
|------|-----------|------------------------|
| 1992 | $89,372 | $17,874 |
| 1993 | 48,028 | 9,606 |

By Order dated October 15, 1996, the Court granted respondent's Motion to Dismiss for Lack of Jurisdiction as to Elizabeth R. Brown and to Change Caption on the ground that the petition as to her was invalid because it was filed during the automatic bankruptcy stay of 11 U.S.C. section 362(a) (1994). See McClamma v. Commissioner, 76 T.C. 754 (1981).

The issues for decision are as follows: (1) Whether a valid notice of deficiency was issued prior to the expiration of the applicable period of limitations for assessment; and (2) whether sanctions under section 104(c) should be imposed against petitioner for his failure to comply with a discovery order of this Court.

Petitioner resided in Upper Marlboro, Maryland, at the time he filed his petition.

## Background

The background facts related below are taken from the record and the unobjected to written representations of the respective parties, except where noted.

Petitioner and Elizabeth filed joint Forms 1040, U.S. Individual Income Tax Return, for the taxable years 1992 and 1993 on April 20, 1993, and May 2, 1994, respectively.

Petitioner was the sole general partner of Brown's Capital Properties II limited partnership (Partnership) during the years in dispute. A review of the Schedules K-1 attached to the Form 1065 filed by the Partnership for taxable year 1992 reveals that

the following natural persons were partners of the Partnership during that year:

1.  Larry and Elizabeth Brown (husband and wife);
2.  Barbara S. Jackson;
3.  Rufus and Annette Johnson (husband and wife);
4.  Irma Green;
5.  Martha J. and Eddie E. Huggins (husband and wife);
6.  Benjamin and Lauretta Grant (husband and wife); and
7.  Jerome and Vernell Richardson (husband and wife).

A review of the Schedules K-1 attached to the Form 1065 filed by the Partnership for taxable year 1993 reveals that the following natural persons were partners of the Partnership during that year:

1.  Larry Brown;
2.  Barbara S. Jackson;
3.  Rufus Johnson;
4.  Irma Green;
5.  Martha J. and Eddie E. Huggins (husband and wife);
6.  Benjamin Grant;
7.  Jerome Richardson; and
8.  Patricia O. Shellmen.

The Tax Matters Partner answered "Yes" in response to the question in Schedule B, Other Information, line 6 of the 1992 Form 1065 "Does this partnership have any foreign partners?". However, all of the partners of the Partnership in 1992 checked "domestic" in response to the question "Is this partner a domestic or a foreign partner?" on line D of their respective Schedules K-1.  On the 1993 Form 1065 filed by the Partnership, the Tax Matters Partner answered "No" in response to the question

in Schedule B, Other Information, line 6, "Does this partnership have any foreign partners?".  We conclude that the Partnership had no foreign partners for either year.

The only partnership items reported on the Forms 1065 filed in 1992 and 1993 were losses of the Partnership in the amounts of $359,285.96 and $416,000, respectively.

Respondent issued a notice of deficiency to petitioner and Elizabeth on March 20, 1996, for their 1992 and 1993 taxable years.  The principal adjustments to income as determined by respondent in the notice of deficiency represent adjustments to petitioner's allocable share of income from the Partnership in 1992 and 1993 in the amounts of $293,577 and $107,297, respectively, and the inclusion in income of certain guaranteed payments in 1992 and 1993 of $55,286 and $56,000, respectively, all of which stemmed from respondent's disallowance of losses attributable to the Partnership for those years during a related partnership examination.  Other adjustments to income were computational in nature.  In addition, respondent determined that petitioner and Elizabeth were liable for accuracy-related penalties for 1992 and 1993 pursuant to section 6662(a).

Petitioner filed his petition on June 27, 1996.  On December 19, 1996, the Court issued a Notice Setting Case for Trial in Washington, D.C. on May 19, 1997; attached thereto was a Standing Pre-trial Order.  The Notice states "YOUR FAILURE TO COOPERATE MAY * * * RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION

AGAINST YOU."  The Pre-trial Order similarly states that "If any unexcused failure to comply with this Order adversely affects the timing or conduct of the trial, the Court may impose appropriate sanctions, including dismissal, to prevent prejudice to the other party or imposition on the Court."

On February 6, 1997, respondent sent a letter to petitioner, inviting him to a conference on February 12, 1997, at respondent's office.  Respondent also informally requested that petitioner produce certain documents pursuant to Rule 70(a)(1) and to stipulate to the fullest extent possible to all matters relevant to the pending case pursuant to Rule 91(a).  Petitioner, however, failed to attend the conference scheduled for February 12, 1997, failed to furnish respondent with the requested documents, and failed to contact respondent for the purpose of scheduling another meeting.

On February 18, 1997, after attempts to attain the objectives of formal discovery through informal requests proved fruitless, respondent served upon petitioner an 11-paragraph interrogatory request, a 10-paragraph document request, and a 10-paragraph request for admissions, pursuant to Rules 71, 72, and 90, respectively.  These discovery requests sought various documents and information pertaining to the issues at dispute in this case.

On March 17, 1997, respondent mailed a letter to petitioner inquiring about the status of respondent's formal discovery

requests. Respondent stated therein that "If we do not receive timely replies to * * * [the interrogatories and request for production of documents] then our office will request the Court to impose the appropriate sanctions * * * for your failure to respond." Despite this admonition, respondent received no reply from petitioner.

On March 20, 1997, petitioner filed a timely though generally uninformative response to respondent's request for admissions. Petitioner admitted that he was the general partner of the Partnership and that the Partnership had filed Forms 1065, U.S. Partnership Return of Income, for the taxable years 1992 and 1993, but responded "No" to all other paragraphs of respondent's request for admissions. In particular, these laconic responses of "No" included petitioner's responses to paragraphs 9 and 10, which stated that, for 1992 and 1993, the Partnership "did not file the statement required by Treas. Reg. 301.6231(a)(1)-1T(b) to elect treatment under the provisions of Subtitle F, Chapter 63, Subchapter C * * * of the Internal Revenue Code."

On April 2, 1997, respondent's counsel contacted petitioner by telephone regarding the status of respondent's outstanding formal discovery requests. Petitioner alleged that he was in the process of responding but did not specify when he would supply the requested documents. Shortly thereafter, pursuant to Rules 72(b) and 104(b), respondent moved for an order compelling petitioner to produce the documents sought and to answer

respondent's interrogatories or for an order imposing sanctions.

On April 9, 1997, the Court granted both of respondent's motions to compel. We ordered petitioner to answer each interrogatory and to produce the requested documents on or before April 28, 1997, or to file with the Court a reply to the order stating adequate reasons for failure to comply with respondent's requests in whole or in part.

On April 30, 1997, petitioner filed a Response to Order Compelling Responses to Respondent's Interrogatories and Motion to Compel Production of Documents in which he sought modification of the Court's April 9, 1997, order. Petitioner claimed therein that he had "no notice of a claim or assessment from the IRS to date for Brown's Capital Properties II Limited Partnership" and that all books and records of the Partnership were in the custody of the Partnership's trustee in bankruptcy.

On May 19, 1997, at calendar call, an attorney, Thomas J. Mattingly, was specially recognized to represent petitioner pending Mattingly's application for admission to the Tax Court bar and his filing of an entry of appearance in this case. At that time petitioner filed a Motion for Continuance on account of surgery Mattingly was scheduled to undergo later that week. The Court orally stated that it would grant petitioner's motion over respondent's objection. In so doing, however, the Court warned petitioner that "I'm going to give petitioner a break, but it will be the last one. * * * So get your records together * * *

You won't get another chance to come in and ask for a continuance." The case was subsequently calendared for trial at the session scheduled to commence on October 14, 1997, in Washington, D.C. To date, Mattingly has neither entered an appearance in this case, nor applied for admission to the Tax Court bar.

On June 10, 1997, respondent's counsel mailed a letter to petitioner to ascertain the status of petitioner's trial preparation for this case. No reply to this letter was received by respondent. On July 21, 1997, respondent's counsel attempted to contact petitioner by telephone to inquire about respondent's still outstanding formal discovery requests. Respondent's counsel left a message on the telephone answering machine at the telephone number listed on the petition.

On July 22, 1997, respondent's counsel spoke to petitioner by telephone, during which conversation petitioner indicated that he would send a letter to respondent's counsel and the Court concerning this case. No such letter was received by either respondent or the Court. On August 21, 1997, respondent's counsel called petitioner yet again to inquire about respondent's unanswered formal discovery requests. Respondent's counsel left a message on the answering machine at the telephone number listed on the petition.

On August 25, 1997, respondent filed a Motion to Impose Sanctions under Rule 104(c) (Motion for Sanctions) for

petitioner's failure to comply with this Court's discovery order of April 9, 1997. Respondent requested that the following sanctions be imposed by the Court: (1) That this action be dismissed; (2) that the issues to which respondent's discovery requests pertain be taken as established as set forth in the notice of deficiency; (3) that all answers covered by respondent's request which petitioner should have made available in response to respondent's interrogatories be excluded from evidence in this case; (4) that all documents covered by respondent's request which petitioner should have made available in response to respondent's request be excluded from evidence; and (5) that the Court grant such other relief as it may deem proper.

Respondent also filed a Motion for Partial Summary Judgment (Summary Judgment Motion) with accompanying memorandum of law and declaration in support thereof pursuant to Rule 121(b) on August 25, 1997, on the issue (informally raised by petitioner during an IRS Appeals Office conference but not raised by petitioner in this proceeding) whether the 3-year period of limitations for assessment has expired because the Partnership allegedly elected treatment under the unified audit provisions of Subtitle F, Chapter 63, Subchapter C, secs. 6221 through 6233, for taxable years 1992 and 1993, and respondent did not honor such election.

By Order dated August 26, 1997, the Court ordered that petitioner respond, on or before September 10, 1997, to

respondent's Motion for Sanctions and Summary Judgment Motion. The Court further ordered that action on the aforementioned motions would be held in abeyance until after that date.

On September 11, 1997, petitioner filed his Opposition to Motion for Sanctions, in which he stated that "Petitioner shall respond in full to Respondent's Interrogatories and Request for Production in the next three (3) days" and sought to justify his dilatoriness by referring to the illness of his wife. As noted above, respondent's interrogatories and document request had been served almost 7 months earlier--on February 18, 1997, and we granted respondent's Motion to Compel Responses to Respondent's Interrogatories and Motion to Compel Production of Documents over 5 months earlier--on April 9, 1997.

Petitioner also filed his Opposition to Motion for Partial Summary Judgment on September 11, 1997, on the ground that the Partnership did not fall within the small partnership exception to the unified audit provisions of sections 6221 through 6233 and, since respondent failed to issue a Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to section 6223, the 3-year period of limitations for assessment set forth in section 6229(a) has expired.

By Order dated September 12, 1997, this case was struck from the October 14, 1997, calendar and reassigned to Judge Arthur L. Nims, III.

## Discussion

As the issue concerns the Court's jurisdiction over this case, we first consider respondent's Summary Judgment Motion pursuant to Rule 121(b) with respect to whether the 3-year period of limitations for assessment has expired because the Partnership allegedly elected treatment under the unified audit provisions of sections 6221 through 6233 for the taxable years 1992 and 1993 and respondent did not honor such election. Respondent states in the Summary Judgment Motion that this issue was raised informally by petitioner during the local Appeals Office consideration of this case.

Summary judgment or partial summary judgment may be granted if the pleadings and other materials demonstrate that no genuine issue exists as to any of the material facts and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

We are satisfied that no genuine issue exists as to any of the material facts. Summary adjudication is therefore appropriate in this case.

Section 6231(a)(1)(B) provides as follows:

(B)  Exception For Small Partnerships.--

(i) In general.--The term "partnership" shall not include any partnership if--

(I) such partnership has 10 or fewer partners each of whom is a natural person (other than a nonresident alien) or an estate, and

(II) each partner's share of each partnership item is the same as his share of every other item.

For purposes of the preceding sentence, a husband and wife (and their estates) shall be treated as 1 partner.

(ii) Election to have subchapter apply.--A partnership (within the meaning of subparagraph (A)) may for any taxable year elect to have clause (i) not apply. Such election shall apply for such taxable year and all subsequent taxable years unless revoked with the consent of the Secretary.

Section 301.6231(a)(1)-1T(b)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987), provides as follows:

(2) Method of election.  A partnership shall make the election described in * * * [section 6231(a)(1)(B)(ii)] by attaching a statement to the partnership return for the first taxable year for which the election is to be effective.  The statement shall be identified as an election under section 6231(a)(1)(B)(ii), shall be signed by all persons who were partners of that partnership at any time during the partnership taxable year to which the return relates, and shall be filed at the time * * * and place prescribed for filing the partnership return.  * * *

As previously noted, in his response to respondent's request for admissions, petitioner replied "No" to paragraphs 9 and 10, which stated that, for 1992 and 1993, the Partnership "did not file the statement required by Treas. Reg. 301.6231(a)(1)-1T(b) to elect treatment under the provisions of Subtitle F, Chapter 63, Subchapter C (I.R.C. sec. 6221 et al.) of the Internal Revenue Code."  However, it is apparent from the record that the election contemplated by the above regulation was not filed for 1992 or 1993, and petitioner does not contend otherwise in his "Opposition to Motion for Partial Summary Judgment" (Opposition). Rather, petitioner argues in his Opposition that "the partnership had no need to make a special, separately-signed unanimous election to * * * apply the consolidated audit and notice provisions" for 1992 and 1993 because, for various reasons, the Partnership did not fall within the small partnership exception of section 6231(a)(1)(B) during those years.

In response to petitioner's argument, upon our examination of the record, including the Forms 1065 for 1992 and 1993 and Schedules K-1 attached thereto, we are convinced that the Partnership was indeed a small partnership within the meaning of section 6231(a)(1)(B) in those years.  In 1992 and 1993, the Partnership consisted of 10 or fewer partners based on the counting rule of section 6231(a)(1)(B)(i), which provides that a husband and wife (and their estates) shall be treated as 1

partner for purposes of that section. Moreover, we have found that each of the partners was a natural person and none was a nonresident alien during the relevant years. Sec. 6231(a)(1)(B)(i)(I).

In addition, the "same share" requirement of section 6231(a)(1)(B)(i)(II) was met, inasmuch as the Partnership reported only one partnership item (partnership loss) on its returns for 1992 and 1993. See Harrell v. Commissioner, 91 T.C. 242, 246-247 (1988); Z-Tron Computer Program v. Commissioner, 91 T.C. 258, 262 (1988); Schwartz v. Commissioner, T.C. Memo. 1996-88; sec. 301.6231(a)(1)-1T(a)(3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987).

Since the Partnership was a small partnership within the meaning of section 6231(a)(1)(B) and an election comporting with the prescriptions of section 301.6231(a)(1)-1T(b)(2), Temporary Proced. & Admin. Regs., was not made, respondent was not required to issue an FPAA. Accordingly, we conclude that a valid notice of deficiency was issued within 3 years of the time of filing of petitioner's Forms 1040 for 1992 and 1993. Sec. 6501(a). An order will therefore be issued granting respondent's Summary Judgment Motion.

We next address respondent's motion to impose Rule 104(c) sanctions, including dismissal, against petitioner for his

failure to comply with the Court's April 9, 1997, discovery order.

Rule 104(c) provides as follows:

(c) Sanctions:  If a party or an officer, director, or managing agent of a party or a person designated in accordance with Rule 74(b), 75(c), or 81(c) fails to obey an order made by the Court with respect to the provisions of Rule 71, 72, 73, 74, 75, 76, 81, 82, 83, 84, or 90, then the Court may make such orders as to the failure as are just, and among others the following:

(1) An order that the matter regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the case in accordance with the claim of the party obtaining the order.

(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such party from introducing designated matters in evidence.

(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party.

(4) In lieu of the foregoing orders or in addition thereto, the Court may treat as a contempt of the Court the failure to obey any such order, and the Court may also require the party failing to obey the order * * * to pay the reasonable expenses, including counsel's fees, caused by the failure * * *

Our Rule 104(c) is based upon rule 37(b)(2) of the Federal Rules of Civil Procedure (FRCP).  Dusha v. Commissioner, 82 T.C. 592, 598 (1984); Note to Rule 104(c), 60 T.C. 1124 (1973).  Rule 104(c) and FRCP 37(b)(2) prescribe various sanctions for a

party's failure to comply with a court's discovery orders.  In interpreting and applying this Court's discovery rules, we normally look for guidance to court decisions interpreting their counterparts in the FRCP.  See Rosenfeld v. Commissioner, 82 T.C. 105, 116-117, 120 (1984); Owens-Illinois, Inc. v. Commissioner, 76 T.C. 493, 495-496 (1981); Zaentz v. Commissioner, 73 T.C. 469, 473-474 (1979).

Under FRCP 37(b)(2), once it has been shown that a party has not complied with a court's discovery order, sanctions are appropriate.  Societe Internationale v. Rogers, 357 U.S. 197, 206-208 (1958).  However, inasmuch as dismissal is one of the most severe sanctions available under FRCP 37(b)(2), it is reserved for the most egregious cases where a party's conduct clearly warrants it.  See, e.g., Marshall v. Segona, 621 F.2d 763, 767-768 (5th Cir. 1980); Jones v. Louisiana State Bar Association, 602 F.2d 94, 97 (5th Cir. 1979); see also Dusha v. Commissioner, supra at 605.

In Societe Internationale v. Rogers, supra, the Supreme Court construed FRCP 37(b)(2).  Because of due process concerns, the Supreme Court held that dismissal was improper where the party's failure to comply was "due to inability, and not to willfulness, bad faith, or any fault of * * * [the party]."  Id. at 212.  However, if willfulness, bad faith, or other fault is present, dismissal may be appropriate even though there has been

a partial response to a court's discovery order.  See <u>National Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639 (1976); see also <u>Dusha v. Commissioner</u>, <u>supra</u> at 604 ("If the standard of <u>Societe Internationale</u> is met * * *, token minimal compliance will not bar the sanction of dismissal.")

The United States Court of Appeals for the Fourth Circuit, to which the dismissal of this case would be appealable, barring agreement to the contrary, has formulated prerequisites for dismissal of a case under Rule 104(c)(3).

According to the Court of Appeals for the Fourth Circuit, a court must consider a list of four factors: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused the adversary; (3) the need for deterring the particular type of noncompliance; and (4) the efficacy of less drastic sanctions.  <u>Hillig v. Commissioner</u>, 916 F.2d 171, 174 (4th Cir. 1990), vacating T.C. Memo. 1989-476; <u>Mutual Fed. Sav. & Loan Association v. Richards & Associates</u>, 872 F.2d 88, 92 (4th Cir. 1989).

First, we are convinced that petitioner has acted willfully and in bad faith by his noncompliance and misrepresentations to the Court.  Cf. <u>Hillig v. Commissioner</u>, <u>supra</u> at 174-175.  Our Rules of Practice and Procedure and our orders mean exactly what they say, and we intend that they be heeded.  <u>Rosenfeld v. Commissioner</u>, <u>supra</u> at 111; <u>Odend'hal v. Commissioner</u>, 75 T.C.

400, 404 (1980); Branerton Corp. v. Commissioner, 61 T.C. 691, 692 (1974). Although given ample opportunity to comply with our rules and an order of this Court, petitioner has not done so, and we descry no valid reason in the record to explain his noncompliance. He has essentially ignored and defied our order of April 9, 1997, and by such action, has shown unremitting disrespect for our rules and an order of this Court.

What we are confronted with here is not an isolated instance of noncompliance but a pattern of deliberate dilatory behavior. See Mutual Fed. Sav. & Loan Association v. Richards & Associates, supra at 93. In that connection we note that from the start petitioner failed to cooperate with respondent's informal discovery, the "bedrock" of practice before this Court. Branerton v. Commissioner, supra at 692. Petitioner then failed, in violation of Rules 71 and 72, to respond to the formal discovery requests served by respondent. Finally, petitioner disregarded the terms of the Court's April 9, 1997, order. Petitioner's pattern of noncompliance follows on the heels of our unequivocal warnings that the Court might impose sanctions, including dismissal, if petitioner failed to cooperate.

Second, we conclude that respondent has suffered substantial prejudice as a result of petitioner's misconduct insofar as the information and documents requested were indispensable to the substantive issue regarding Partnership losses at dispute in this

case.  See Mutual Fed. Sav. & Loan Association v. Richards & Associates, supra at 93.  Petitioner's failure to comply with this Court's order doubtless significantly impeded respondent's preparations for a proper trial.

Third, we think that the sanction of dismissal is warranted not merely to prevent prejudice to respondent, but also to deter those who might be tempted, in the future, to engage in similar conduct.  See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. at 643.  Petitioner's actions, if left unchecked, would undermine the Court's ability to control the litigation before it.

Finally, we have considered whether, under these circumstances, alternative sanctions of a nature less severe than dismissal are appropriate.  We do not believe that they are. Petitioner's intractability makes it unlikely that imposing any lesser sanction would alter his behavior.  See Harper v. Commissioner, 99 T.C. 533, 542 (1992) (Rule 123(b)).  Moreover, any lesser sanction would require the Court to set this matter once again for trial and would, in effect, grant petitioner a continuance, which, at the calendar call on May 19, 1977, we expressly stated we would not permit.  Such a result would reward petitioner for his recalcitrance and obduracy.  Furthermore, respondent's position on the substantive issue in this case is that disallowed Partnership losses necessitate corresponding

adjustments to petitioner's income.  If we were to deem that matter established as set forth in the notice of deficiency for purposes of this case, as contemplated by Rule 104(c)(1), then respondent would prevail.  Similarly, if we were to issue an order refusing to allow petitioner to oppose respondent's claims on that point, or prohibiting petitioner from introducing evidence requested by respondent, as contemplated by Rule 104(c)(2), then respondent would also prevail.  See Geodesco v. Commissioner, T.C. Memo. 1990-637.  Finally, we do not believe that economic sanctions prescribed by Rule 104(c)(4) are sufficient inasmuch as the stark prospect of dismissal and entry of decision against petitioner has not heretofore deterred petitioner's pertinacious conduct.

We note that, unlike Hillig v. Commissioner, supra at 174, dismissal of this case would not unjustly penalize a blameless client for the culpable behavior of his attorney.  Moreover, while the record therein was redolent of "sloppiness and a lack of communication" and did not support a conclusion that the delay was deliberate, the facts of the instant matter are irrefragably to the contrary.  Id.

In his response to our order granting respondent's motions to compel, petitioner asserts that he could not comply with respondent's discovery requests because all books and records of the Partnership were held by its trustee in bankruptcy.

Petitioner's bankruptcy petition under Chapter 13 of the United States Bankruptcy Code was dismissed with prejudice by the Bankruptcy Court on May 16, 1996, approximately 7 months before Notice of Trial (December 19, 1996), and approximately one year before the trial date (May 19, 1997). But petitioner has made no showing of any attempt on his part to retrieve the Partnership records, so his lack of records, if such is indeed the case, is of his own doing and cannot serve as an excuse to justify the predicament in which he now claims to find himself.

In light of the foregoing, we shall grant respondent's motion to impose sanctions under Rule 104(c). We conclude that dismissal of this case for failure to heed a specific discovery order of this Court, although a harsh sanction, is nonetheless appropriate under Rule 104(c)(3), and we so hold. See, e.g., Miller v. Commissioner, 741 F.2d 198 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Steinbrecher v. Commissioner, 712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12. A decision will be entered which provides that there are due from petitioner deficiencies in income tax and accuracy-related penalties under section 6662(a) in the amounts determined by respondent for the taxable years 1992 and 1993.

To reflect the foregoing,

An appropriate order

and order of dismissal and

decision will be entered.